# THE STATE OF NEVADA, Appellant, v. SAMUEL ELMER SMITH, Respondent.

No. 14428

December 1, 1983                                        672 P.2d 631

*Brian McKay,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *James Tufteland* and *L. J. O'Neale,* Deputy District Attorneys, Clark County, for Appellant.

*Graves & Potter,* Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

This case presents an appeal from a district court order, which granted a writ of mandamus compelling the justice's court to grant respondent a jury trial in a pending prosecution for driving under the influence (DUI). Because we conclude that respondent has neither a statutory nor a constitutional right to a trial by jury in a DUI prosecution, we reverse.

Given the issues presented in this appeal, few facts need be mentioned. Respondent Smith was charged with driving under the influence of intoxicating liquor, in violation of NRS 484.379. Smith sought a trial by jury in the justice's court. The State successfully opposed Smith's demand, and Smith sought a writ of mandamus in the district court to compel the justice's court to grant a jury trial. The district court granted Smith the requested extraordinary relief, apparently under the belief that a Nevada statute, NRS 175.011(2), afforded all defendants a right to jury trial upon timely demand. The State now appeals from the district court's order granting the writ of mandamus.

## STATUTORY GROUNDS FOR RIGHT
## TO JURY TRIAL

The initial question to be resolved in this appeal is whether the district court erred in holding that NRS 175.011(2) created a statutory right to trial by jury. The statute in question then provided:

> In a justice's court, *a case shall be tried by jury only if the defendant so demands* in writing not less than 5 days prior to trial. Where a case is tried by jury, a reporter must be present who is an official reporter for a district court of this state, and shall report the trial.

1967 Nev. Stats. 1424 (emphasis added). Given this statutory language, we must determine whether the phrase "a case shall be tried by jury only if the defendant so demands" creates an absolute right to a trial by jury upon timely demand. We do not believe that it does. The language in question is at best equivocal, and we conclude that NRS 175.011(2) may be more accurately read as granting a right to a jury trial upon timely demand in cases where a jury trial is otherwise required or appropriate. In Goldman v. Kautz, 531 P.2d 1138 (Ariz. 1975), the Arizona Supreme Court addressed a claim of a right to trial by jury founded on a statute very similar to NRS 175.011(2). The Arizona statute in question, A.R.S. § 22-320, provided: "A trial by jury shall be had if demanded by either the state or defendant. Unless the demand is made before commencement of the trial, a trial by jury shall be deemed waived." 531 P.2d at 1139. Although this statute contained language which apparently unambiguously granted an absolute right to trial by jury on demand, the Arizona Supreme Court held:

> We do not think the quoted section grants a substantive right, but, rather, was intended to be procedural and must be read as meaning that a trial by jury shall be had if demanded *in cases where a jury trial is appropriate.* If the Legislature intended to grant a jury trial in every case, it would have no doubt said so in plain, explicit language.

*Id.* at 1139 (emphasis in original).

Although *Goldman* involved a statute which apparently granted an absolute right to a jury trial on demand, we believe the Arizona Supreme Court's analysis was correct. In the same manner, we believe that NRS 175.011(2) is intended to have only a procedural impact, and that if the Legislature intended to grant a substantive right to jury trial in every case, it would have said so in plain, explicit language. As the Legislature has

not clearly expressed an intention in NRS 175.011(2) to grant a statutory right to jury trial, we decline to read such a right into the statute.

Accordingly, the district court erred when it determined that NRS 175.011(2) created a statutory right to jury trial in all cases.[1]

## CONSTITUTIONAL GROUNDS FOR RIGHT TO JURY TRIAL

Apparently anticipating that this court would not accept the district court's interpretation of NRS 175.011(2), respondent additionally argues that the district court did not err in granting his petition for extraordinary relief because he has a constitutional right to a trial by jury in a DUI prosecution. We disagree.

Persons are guaranteed the right to a jury trial by both art. I, section 3 of the Nevada Constitution, and the sixth amendment to the United States Constitution. Despite apparently significant differences in the language of these constitutional provisions, both provisions have been interpreted to guarantee the right to a jury trial in a criminal matter only as it existed at common law. Thus, there is no constitutional right to trial by jury for "petty" offenses. *See* Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444 (1968); State v. Ruhe, 24 Nev. 251, 52 P. 274 (1898). Whether there is a constitutional right to a trial by jury therefore turns upon whether the offense charged is characterized as "serious" or "petty." *See* Duncan v. Louisiana, 391 U.S. at 159. In turn, the principal criterion used in characterizing an offense as "petty" or "serious" is the severity of the maximum authorized penalty. *See* Baldwin v. New York, 399 U.S. 66, 68, 90 S.Ct. 1886 (1969); Bloom v. Illinois, 391 U.S. 194, 211, 88 S.Ct. 1477 (1968).

In recent decisions, the United States Supreme Court has increasingly relied upon the objective criterion of the maximum possible penalty in deciding whether to characterize an offense as "petty" or "serious." *See* Taylor v. Hayes, 418 U.S. 488, 94 S.Ct. 2697 (1974); Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687 (1974). Using this criterion, the Court has held that

---

[1]Of course, for particular types of misdemeanors, the Legislature may see fit to declare explicitly that a jury trial is appropriate. *See, e.g.,* NRS 201.235(1), which establishes a legislative expectation of jury trials in certain cases wherein a determination of obscenity is required. In such cases, NRS 175.011(2) provides the procedure to be followed in demanding the right.

where the maximum possible penalty is six months imprisonment or less, the offense is "petty," and the right to trial by jury does not attach. *See* Codispoti v. Pennsylvania, 418 U.S. at 512.

At the time of the alleged offense, the maximum punishment for a first-time DUI conviction in Nevada under NRS 484.379 was six months imprisonment or a fine of up to $1,000.00. As the potential maximum term of imprisonment is six months, it would appear that respondent Smith's offense was "petty" within the Supreme Court's definition, and that there is thus no constitutional right to trial by jury in his DUI prosecution.

As respondent mentions, in United States v. Hamdan, 552 F.2d 276 (9th Cir. 1977), the Ninth Circuit Court of Appeals has held that a defendant charged with an offense punishable by a possible $1,000.00 fine or up to six months imprisonment was constitutionally entitled to a jury trial. *See also* United States v. Craner, 652 F.2d 23 (1981). The Ninth Circuit's decision in *Hamdan,* however, was based on the court's conclusion that the definition of "petty offense" contained in 18 U.S.C. section 1(3) should serve as the determinant of an individual's constitutional right to a jury trial. Because 18 U.S.C. 1(3) provides, in pertinent part, that a petty offense is one "the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500.00, or both," the Ninth Circuit concluded that, until the Supreme Court spoke further, a jury trial would be required in cases where the fine was more than $500.00.

With all respect to the court, we decline to follow the Ninth Circuit's holding. We note that the Supreme Court has looked to 18 U.S.C. section 1(3) in establishing whether an offense was "petty." Still, the Court stressed that the definition contained in 18 U.S.C. 1(3), especially with respect to the amount of the possible fine, should not be accorded "talismanic significance." Muniz v. Hoffman, 422 U.S. 454, 477, 95 S.Ct. 2178 (1975).

■■■■■■■■

Accordingly, we look to the criterion expressly established by the United States Supreme Court: where the maximum possible penalty is six months imprisonment or less, the offense is "petty" and the right to trial by jury does not attach. As NRS 484.379 provides a penalty of up to six months imprisonment for a first-time DUI offense, there is no constitutional right to a trial by jury. The district court thus erred in granting the writ of mandamus to compel the justice's court to grant respondent a jury trial in his pending DUI prosecution.

The other issues raised by the parties have been considered

and are without merit. Accordingly, we reverse the decision of the district court.[2]

MANOUKIAN, C. J., and SPRINGER, MOWBRAY, and STEFFEN, JJ., concur.

[2]Because we have grounded our decision on the determination that the law currently establishes no right to a jury trial in a DUI case, it is unnecessary to decide whether mandamus would lie to enforce such a right if it existed.