AFTERCARE OF CLARK COUNTY, a Nevada Corporation; AFTERCARE OF NEVADA, INC., a Nevada Corporation; and MICHAEL MULLINS, Appellants, v. THE JUSTICE COURT OF LAS VEGAS TOWNSHIP in and for THE COUNTY OF CLARK; THE HONORABLE JENNIFER TOGLIATTI, Justice of the Peace; and ERIC LEHY, Respondents.

No. 38625

WILLIAM ROPER, Appellant, v. THE JUSTICE COURT OF LAS VEGAS TOWNSHIP in and for THE COUNTY OF CLARK; THE HONORABLE JENNIFER TOGLIATTI, Justice of the Peace; SOLIDAD RAMIREZ and IMELDA IZQUIERDO, Respondents.

No. 38626

January 23, 2004

82 P.3d 931

*Lemons Grundy & Eisenberg* and *Robert L. Eisenberg* and *Tiffinay Barker Pagni,* Reno; *William C. Turner & Associates* and *Michael P. Golden,* Las Vegas, for Appellants.

*Albert D. Massi, P.C.,* and *Allen A. Cap* and *Donald C. Kudler,* Las Vegas, for Respondents Solidad Ramirez and Imelda Izquierdo.

*David J. Roger,* District Attorney, and *Robert J. Gower,* Deputy District Attorney, Clark County, for Respondent Justice Court.

*Mainor Harris* and *W. Randall Mainor,* Las Vegas, for Respondent Eric Lehy.

# OPINION

*Per Curiam:*

In these consolidated appeals, we consider whether justices of the peace may deny jury trials to litigants who have filed a civil action in justice's court, rather than a small claims action, and seek less than $5,000. The Las Vegas Township Justice's Court has implemented a policy denying jury trials to litigants unless $5,000 or more is at stake. The district court declined to issue extraordinary relief compelling justice's court jury trials for the appellants, who are the defendants in two justice's court civil actions, both involving less than $5,000. Because we conclude that the justice's court's policy violates the Nevada constitutional guaranty of trial by jury, we reverse the district court's orders denying extraordinary relief, and we remand these matters to the district court for the issuance of writs of mandamus, compelling justice's court jury trials in these cases.[2]

## *FACTS*

In 1999, the Las Vegas Township Justice's Court adopted a policy allowing jury trials only when the plaintiff's alleged special damages are $5,000 or more.[3] The district court approved the policy, stating that the policy would "preserve judicial resources."[4]

In 2000, respondents Solidad Ramirez and Imelda Izquierdo filed a justice's court civil action against appellant William Roper for damages arising from an automobile accident. In 2001, respondent Eric Lehy commenced a justice's court civil action against ap-

---

[2]Mandamus, rather than prohibition, is the appropriate remedy "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." NRS 34.160; *see also* NRS 34.320 (providing that a writ of prohibition is available to stop extra-jurisdictional judicial proceedings).

[3]The respondent Justice's Court and Justice of the Peace assert in their answering brief that the policy allows jury trials only when special damages are more than $5,000—rather than $5,000 or more—and that the policy complements NRS 73.010's limitation of small claims actions to $5,000 or less. But that assertion is belied by the record. At least four documents in the record, including the 1999 policy declaration, provide that the threshold "amount for the granting of a jury trial will be the amount of Five Thousand Dollars ($5,000.00) or more."

[4]*Watier v. Justice's Court,* No. A397046 (8th Jud. Dist. Ct. Sept. 8, 1999) (Order Denying Petition for Writ of Prohibition).

pellants Aftercare of Clark County, Aftercare of Nevada, Inc., and Michael Mullins for damages arising from a separate automobile .accident. 'The appellants filed jury trial demands and deposited the required jury fees.[5] Nevertheless, the justice's court scheduled bench trials in both cases because the respondents each sought less than $5,000 in special damages. The appellants then sought extraordinary relief from the district court. Unsuccessful, appellants then appealed.

## DISCUSSION

The Nevada Constitution secures to all the right of trial by jury, and provides that the right shall remain inviolate forever.[6] This court has consistently stated that the constitutional right applies as it did under the common law in existence when the Nevada Constitution was adopted in 1864.[7] Although this statement is technically correct, it does not completely depict Nevada's jury trial right. Our case law suggests a more precise definition, in line with federal and out-of-state case law, as well as scholarly commentary. We now clarify our statement: Nevada's jury trial right is defined by English common law as modified at the time of the Nevada Constitution's adoption. With the statement clarified, we conclude that the district court abused its discretion in denying writ relief from the justice's court's policy requiring bench trials in civil actions under $5,000.[8]

A historical approach to construing the jury trial right appears to be universal in federal and state courts.[9] To determine the reach of the Seventh Amendment right to a jury trial,[10] federal courts look to jury trial practice in 1791 England, the year in which the amendment was ratified.[11] The Seventh Amendment does not, how-

---

[5]*See* JCRCP 38.

[6]Nev. Const. art. 1, § 3.

[7]*E.g., Hudson v. City of Las Vegas,* 81 Nev. 677, 409 P.2d 245 (1965); *Wainwright v. Bartlett, Judge,* 51 Nev. 170, 271 P. 689 (1928).

[8]*See DR Partners v. Bd. of County Comm'rs,* 116 Nev. 616, 621, 6 P.3d 465, 468 (2000) (stating that "[a] district court's decision to grant or deny a writ petition is reviewed by this court under an abuse of discretion standard").

[9]*See* Margreth Barrett, *The Constitutional Right to Jury Trial: A Historical Exception for Small Monetary Claims,* 39 Hastings L.J. 125, 130-33 (1987).

[10]The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend VII.

[11]*In re Air Crash Disaster near Roselawn, Ind.,* 96 F.3d 932, 943 (7th Cir. 1996).

ever, apply to the states.[12] Consequently, most states look to the jury trial practice in their own territory or colony prior to statehood, in addition to the English practice, recognizing that the course of the common law may have been modified by territorial or colonial statute.[13]

A slightly broader approach is found within our case law. For instance, in *State v. Steward,*[14] the issue was whether Steward's jury trial right was infringed when he was tried in a county other than the county in which the crime was actually committed. We concluded that the jury trial right was not connected to "ancient [English] common law," but rather, to English common law as modified by English or "state" statute prior to the Nevada Constitution's adoption.[15] And in *Ex Parte Sloan,*[16] we looked favorably to a Colorado case, *McInerney v. City of Denver,*[17] and held that adoption of the Nevada Constitution did not change the practice " 'in this country and in England' " that violations of municipal ordinances could be tried without a jury.[18] Significantly, the *McInerney* court indicated that the practice "in this country and in England" was based on the "common or statutory law [existing] before the adoption" of the Colorado Constitution.[19] As recently as 1965, in *Hudson v. City of Las Vegas,*[20] we invoked *McInerney* to

[12]*Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 432 (1996).

[13]*See* Barrett, *supra* note 9, at 131; *e.g., Kirkland v. Blaine County Medical Center,* 4 P.3d 1115, 1118 (Idaho 2000); *People ex rel. Daley v. Joyce,* 533 N.E.2d 873, 878 (Ill. 1988); *Bell v. State,* 176 N.W. 544, 544 (Neb. 1920); *Gonzales v. Lopez,* 52 P.3d 418, 422 (N.M. Ct. App. 2002); *Unemployment Comp. Com'n v. J. M. Willis B. & B. Shop,* 15 S.E.2d 4, 7 (N.C. 1941); *Greist v. Phillips,* 906 P.2d 789, 796-97 (Or. 1995); *White v. White,* 196 S.W. 508, 512 (Tex. 1917); *Sofie v. Fibreboard Corp.,* 771 P.2d 711, 718 (Wash. 1989). *But see Keeter v. State,* 198 P. 866, 872 (Okla. 1921) (declaring that Oklahoma's jury trial right "was not predicated upon the statutes existing in the territory at [the time of the Oklahoma Constitution's adoption], but upon the right of the citizen, as the same was guaranteed under the federal Constitution and according to the course of the common law").

[14]74 Nev. 65, 323 P.2d 23 (1958).

[15]*Id.* at 73, 323 P.2d at 26.

[16]47 Nev. 109, 217 P. 233 (1923), *abrogated on other grounds by Waller v. Florida,* 397 U.S. 387 (1970).

[17]29 P. 516 (Colo. 1892), *abrogated on other grounds by Waller v. Florida,* 397 U.S. 387 (1970).

[18]*Ex Parte Sloan,* 47 Nev. at 119, 217 P. at 237 (quoting *McInerney,* 29 P. at 519).

[19]29 P. at 520.

[20]81 Nev. 677, 409 P.2d 245 (1965) (determining that a defendant could be tried in municipal court without a jury trial even though a similar charge in justice's court required a jury trial).

again tie Nevada's jury trial right to the jury trial practice " 'in this country and in England.' "[21]

Thus, Nevada's jury trial right is based on an 1864 version of the English common law as statutorily modified in this country. This view is consistent with the framers' use of "shall remain inviolate" to perpetuate the jury trial right as it was understood when the Nevada Constitution was adopted.[22]

Regarding the 1864 English common law, the parties disagree regarding the minimum threshold amount for jury trials and whether that amount is subject to inflation.[23] But we need not reach those issues. In 1861, Nevada's first territorial legislature removed any monetary threshold altogether, mandating a jury trial in justice's court for issues of fact, unless waived.[24] The concern for jury-decision of fact issues was not unique to Nevada. Seventy years earlier, the same concern prompted the addition of the Seventh Amendment to the United States Constitution, which provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."[25] Undoubtedly aware of that amendment, Nevada's territorial legislature crafted a jury trial guarantee, but without the twenty-dollar threshold imposed by the Seventh Amendment. Even the fact that Utah, from which the Nevada territory was carved, copied the Seventh Amendment's monetary threshold into a statute[26] was not enough to sway our territorial legislature from designing a jury trial right unencumbered by a monetary threshold.

---

[21]*Id.* at 681, 409 P.2d at 247 (quoting *McInerney*, 29 P. at 519).

[22]*See Kirkland*, 4 P.3d at 1118 (stating that, "by employing the phrase 'shall remain inviolate,' the [Idaho Constitution's] Framers must have intended to perpetuate the right as it existed" "at the common law and under the territorial statutes when the Idaho Constitution was adopted" (internal quotation marks and citation omitted)).

[23]English practice around the year 1791 focused on the sum of forty shillings. Barrett, *supra* note 9, at 145-49. By the early 1800s, the threshold for juryless trials in England had increased to five pounds. *Id.* at 161 n.172.

[24]*See* 1861 Nev. Laws, ch. 103, § 155, at 339 (stating generally that "[a]n issue of fact shall be tried by a jury, unless a jury trial is waived"); *id.* § 527, at 404 (stating that, in justice's court, "[a] jury trial shall be demanded at the time of joining issue"); *id.* §§ 648-50, at 424 (authorizing justice's court jury trials in landlord-tenant disputes).

[25]U.S. Const. amend VII; *see* Jonathan T. Molot, *An Old Judicial Role for a New Litigation Era*, 113 Yale L.J. 27, 67-69 (2003) (noting the Anti-Federalist concern that, without a constitutional jury-trial guarantee, "federal judges would emulate the English example and invade the rights of litigants to present their cases to juries"); *United States v. Wonson*, 28 F. Cas. 745, 750 (C.C.D. Mass. 1812) ("At the time when the constitution was submitted to the people for adoption, one of the most powerful objections urged against it was, that in civil causes it did not secure the trial of facts by a jury.").

[26]1852 Utah Laws, ch. 3, § 11, at 134 (withholding jury trials unless "the sum in question exceed[ed] twenty dollars").

The territorial legislature's statutory design endured throughout the Constitutional Convention of 1864, as the jury trial guarantee emerged without discussion of a minimum monetary threshold.[27] Even the specific constitutional provision governing justice's court jurisdiction survived scrutiny by delegates without mention of any monetary minimum for jury trials.[28] In fact, when debating whether justices' courts should have jurisdiction over claims up to $300 in value or involving real property, one of the delegates, who was in favor of justice's court jurisdiction limited only by the sum of $300, suggested that the right of trial by jury and appeal would ensure the proper treatment of real property claims up to the value of $300:

> Now the question resolves itself into this: Is it safe, or is it not, for a man to go before a Justice of the Peace, *with the right of trial by jury, which men will certainly have in all cases,* to have anything tried in his court affecting either real or personal property, where the value does not exceed three hundred dollars? . . . If we can feel safe in going into a Justice's Court to try an amount of three hundred dollars, *with the right of trial by jury,* and the subsequent right of appeal, then in my opinion, this proposed amendment [providing justices' courts with jurisdiction over all claims up to $300, including real property claims] is a good one.[29]

Although the delegates ultimately excluded from justice's court jurisdiction claims involving title to real property, they did so because real property might quickly appreciate beyond the $300 jurisdictional limit and require the resolution of difficult issues, but not because of any perceived limitation on the jury trial right in justice's court.[30]

The delegates' omission of a minimum monetary threshold for justice's court jury trials was consistent with the territorial legislature's edict and with statutes in other states. For instance, California, which provided the predicate for the Nevada Constitution,[31] had not

---

[27]*See Debates & Proceedings of the Nevada State Constitutional Convention of 1864,* at 53-59 (Andrew J. Marsh off. rep., 1866).

[28]*See id.* at 678-92.

[29]*Id.* at 684-85 (emphasis added) (statement of delegate Lloyd Frizell).

[30]*Id.* at 685 (statement of delegate Cornelius M. Brosnan, stating that "one of the most complicated branches of legal science is that which relates to the investigation of title to real property, and it makes no difference whether such property be of small or of great value"); *id.* at 687 (statement of delegate Charles E. DeLong, questioning the procedure to be followed when real property in litigation has appreciated beyond $300 during an appeal from the justice's court and the appellate court intends to remand for a new trial).

[31]*Id.* at 17 (statement of delegate Neely J. Johnson, observing that "the Constitution of California was adopted as the basis of action of the [1863 Constitutional] Convention"); *id.* at 24 (providing that "the Constitution framed by the Convention of 1863 was adopted as a basis" for consideration at the 1864 Constitutional Convention); *see also* Michael W. Bowers, *The Nevada State Constitution* 7 (1993) (stating that "most" of the 1864 delegates were from California).

imposed a threshold amount for jury trials in justice's court.[32] And New York, which influenced the drafters of the California Constitution,[33] "uniformly . . . allow[ed] a jury trial even in causes under forty shillings [the eighteenth century English common-law threshold for juryless proceedings]."[34]

Thus, we conclude that the Nevada constitutional guaranty of trial by jury covers justice's court civil actions even when small amounts are in controversy. A different conclusion may be warranted, however, for justice's court small claims actions. But the instant actions were not commenced as small claims actions.. And the Iowa case cited by the respondent Justice's Court and Justice of the Peace in support of the $5,000 jury trial threshold, *Iowa National Mutual Insurance Co. v. Mitchell,*[35] involved a proceeding commenced under Iowa's Small Claims Act. In contrast to Nevada, an Iowa plaintiff who seeks recovery of a small monetary sum ($5,000 or less) is confined to seeking relief in a small claims proceeding.[36] But in Nevada, the same plaintiff could commence in justice's court either a small claims action or a civil action.[37] *Mitchell*'s reasoning that a jury trial may be withheld in a small claims proceeding "in the interests of cost to the parties, time constraints, and judicial resources"[38] is not entirely convincing in a

---

[32]*See* Cal. Const. art. 1, § 3 (1849) ("The right of trial by jury shall be secured to all, and remain inviolate forever . . . ."); *id.* art. 6, § 9 ("The Legislature shall determine the number of justices of the peace to be elected in each city and township of the State, and fix by law their powers, duties and responsibilities . . . ."); 1851 Cal. Laws, ch. 5, § 155, at 74 (stating generally that an issue of fact shall be tried by a jury, unless waived); *id.* § 587, at 144 (providing that a jury trial in justice's court is waived unless demanded at the time of "joining issue"); 1863 Cal. Laws, ch. 405, § 29, at 638 (providing that either party to a justice's court action may demand a jury before the trial's commencement); *see also Leuschen v. Small Claims Court,* 215 P. 391, 393 (Cal. 1923) (stating that, under California's Small Claims Act of 1921, a plaintiff with a claim less than $50 may either proceed to a trial before the justice of the peace or "*follow the customary procedure and demand a jury*" (quotation marks and citation omitted) (emphasis added)).

[33]*Golden Gateway v. Tenants Association,* 29 P.3d 797, 804 (Cal. 2001).

[34]Comment, *Legislation: Small Claims Courts,* 34 Colum. L. Rev. 932, 939 n.58 (1934); *see also* 3 N.Y. Rev. Stat., Part 3, ch. 2, title 4, art. 7, § 83 (1859) ("After issue joined, and before the justice shall proceed to an investigation of the merits of the cause, by an examination of a witness or the hearing of any other testimony, either of the parties, or the attorney of either of them, may demand of the justice that the cause be tried by a jury.").

[35]305 N.W.2d 724 (Iowa 1981).

[36]Iowa Code Ann. §§ 631.1(1) & 631.8(3) (West Supp. 2003).

[37]*See* JCRCP 2 (designating three forms of action in justice's court: civil actions, small claims actions, and summary eviction actions).

[38]305 N.W.2d at 728.

Nevada justice's court civil action, which is not designed to be "simple and informal."[39] Withholding a jury trial in a civil action pursuant to the justice's court's policy merely creates a hybrid small claims court, which conducts juryless proceedings like its 1923 legislatively-created relative,[40] but which maintains most of the litigation formalities customary in regular civil proceedings, such as pleading practice and discovery.[41] Such a hybrid court bears little resemblance to common-law small claims courts, which traded valuable, but often complex and expensive practices, including the right to trial by jury, in exchange for cheap and efficient legal solutions to minor monetary disputes.[42]

## CONCLUSION

Because the Las Vegas Township Justice's Court's policy violates the Nevada constitutional guaranty of trial by jury, we reverse the district court orders that denied appellants' petitions for writ relief, and we remand these cases to the district court for the issuance of writs of mandamus, compelling justice's court jury trials in these cases.

GIBBONS, J., dissenting:

The district courts did not abuse their discretion in denying the petitions for writs of prohibition or, in the alternative, writs of mandamus.

Pursuant to NRS 73.010, under certain criteria, the justices' courts may treat actions where the amount claimed does not exceed $5,000 as a small claims action. NRS 73.060 further provides that general provisions of law applicable to proceedings in justices' courts not in conflict with NRS Chapter 73 shall apply. Therefore, we must examine whether there is a constitutional right in Nevada to jury trials for small or minor claims.

Article 1, Section 3 of the Nevada Constitution provides that "[t]he right of trial by Jury shall be secured to all and remain inviolate forever." We have previously concluded that this provision refers to the right of trial by jury "as it existed at the time of the adoption of the Nevada Constitution, and does not confer any

---

[39]*Id.* at 725 (citing Iowa Code Ann. § 631.11(1)).

[40]1923 Nev. Stat., ch. 149, § 1, at 260-64.

[41]*Compare* JCRCP 88 (stating that a small claims action is commenced by affidavit), *and* JCRCP 96 (providing for "informal" resolution of small claims actions), *with* JCRCP 7(a) (designating civil action pleadings, including complaints and answers), *and* JCRCP 26(a) (listing civil action discovery mechanisms, including depositions, interrogatories and physical and mental examinations).

[42]*See* Barrett, *supra* note 9, at 125-27.

right thereto where it did not exist at that time.''[1] The provision does not *extend* the right to a jury trial, but merely *preserves* the right to trial by jury as it existed at common law.[2] Therefore, the types of cases in which a party was entitled to a jury trial before the Nevada Constitution's adoption remain subject to a jury trial right; other cases in which a party was not entitled to a jury trial do not become subject to that right through the constitutional provision.[3]

Courts utilize a ''historical analysis'' to determine whether a jury trial is required.[4] First, the court must determine if the present cause of action '' 'was tried at law at the time of the founding or is at least analogous to one that was.' ''[5] Next, the court must determine whether the nature of the relief sought is legal or equitable.[6]

Under the common law, ''tort actions were brought under the writs of trespass and trespass on the case.''[7] ''Trespass remedied direct, forcible tortious injuries, while the later developed trespass on the case remedied indirect or consequential harms.''[8] Tort actions involving a claim for money damages were generally triable to a jury at common law.[9] However, if the amount of the claim was insignificant, a jury trial was not required.[10]

> ''It had been a well established practice in England, and in our early colonial times, that actions for small demands were triable before certain officers having a limited jurisdiction, without a jury . . . . The sum of forty shillings was fixed upon, then and for many years subsequently, as the dividing line between what was petty and insignificant, and what was of importance in point of value.''[11]

Therefore, cases involving minor claims do not have a right to a jury trial under either the United States Constitution or the

---

[1]*Hudson v. City of Las Vegas,* 81 Nev. 677, 680, 409 P.2d 245, 246-47 (1965).

[2]*Id.*

[3]*Howard v. State,* 83 Nev. 53, 57, 422 P.2d 548, 550 (1967).

[4]*See Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 708 (1999).

[5]*Id.* (quoting *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 376 (1996)).

[6]*Id.* at 723 (Scalia, J., concurring).

[7]*Id.* at 729 (Scalia, J., concurring).

[8]*Id.* (Scalia, J., concurring).

[9]*Id.* (Scalia, J., concurring).

[10]*Iowa Nat. Mut. Ins. Co. v. Mitchell,* 305 N.W.2d 724, 727 (Iowa 1981).

[11]*Id.* (quoting J. Profatt, *A Treatise on Trial by Jury* § 99, at 142 (1877)); *see also Capital Traction Company v. Hof,* 174 U.S. 1, 16-17 (1899).

Nevada Constitution because no such right existed under the common law. The Seventh Amendment of the United States Constitution adopted this distinction between petty, insignificant claims and important claims.[12] The Seventh Amendment of the United States Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."[13]

The question becomes whether the constitutional right to a jury trial is confined to a strict equivalent of forty shillings under English common law or whether the determination of what is a minor claim, not requiring a jury trial, is flexible, allowing for changing social and economic conditions.[14]

"The 'common law,' expressly referred to in the federal clause and implicitly preserved in [Nevada's Constitution] is not a 'fixed and immutable body of unchanging rules,' but was and is characterized by 'occasional flexibility and capacity for growth in order to respond to changing social pressures.' "[15] Even in colonial times, the jurisdictional limitation for nonjury trials was altered by the legislatures.[16] Further, the United States Supreme Court has stated, "It never could be the intention of the constitution to tie up the hands of the legislature, so that no change of jurisdiction could be made, and no regulation even of the right of trial by jury could be had."[17]

The Legislature set $7,500 as the jurisdictional limit for personal injury claims heard in the justices' court.[18] The Legislature also established guidelines for jury trials in the justices' courts.[19] Justices' Courts Rule of Civil Procedure (JCRCP) 38(a) provides that "[t]he right of trial by jury as declared by the Constitution of the State or as given by a statute of the State shall be preserved to the parties inviolate." This indicates an intent for jury trials to be available in the justices' courts, while at the same time limiting the right to a jury trial where the claim is $5,000 or less.

---

[12]*See Mitchell,* 305 N.W.2d at 727.

[13]"[S]tate courts are *never* subject to the Seventh Amendment, no matter the nature of the claim . . . ." *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 79 n.5 (1989) (White, J., dissenting).

[14]*See Mitchell,* 305 N.W.2d at 728-29.

[15]*Id.* at 728 (quoting Charles W. Wolfram, *The Constitutional History of the Seventh Amendment,* 57 Minn. L. Rev. 639, 736 (1973)).

[16]*Id.* (citing Profatt, *supra* note 11, § 100, at 143-44).

[17]*Capital Traction Company,* 174 U.S. at 27.

[18]NRS 4.370(1)(b). Effective January 1, 2005, the jurisdictional limit for justices' courts civil cases will increase from $7,500 to $10,000. 2003 Nev. Stat., ch. 160, §§ 2, 7, at 849, 853. Legislation also provides for the establishment of a mandatory short trial program for civil cases in the justices' courts, with exceptions for certain circumstances, including small claims actions. *Id.* § 3, at 850-51.

[19]*See* NRS 67.010-050.

In response to an order from the district court, the justices' courts, in 1999, established a jurisdictional threshold amount of more than $5,000 in "provable damages"[20] for holding jury trials. The district court ruled that this jurisdictional limit for jury trials in the justices' courts was a reasonable limit since $5,000 is the limit for small claims actions. This limitation is based on an objective criterion, the amount set by the Legislature for small claims.

The justices' courts determined on their own initiative that the right to a jury trial should be restricted to cases involving "provable damages" of more than $5,000. JCRCP 39(a) adopted by this court states in pertinent part:

> When trial by jury has been demanded as provided in Rule 38, the action shall be designated as a jury action. The trial of all issues so demanded shall be by jury, unless . . . (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the State.

Similarly, in criminal cases, when the Sixth Amendment of the United States Constitution applies directly to state court actions,[21] the right to a trial by jury depends on whether the offense is characterized as "petty" or "serious."[22] "In recent decisions, the United States Supreme Court has increasingly relied upon the objective criterion of the maximum possible penalty in deciding whether to characterize an offense as 'petty' or 'serious.' "[23] The Court has concluded that whenever the maximum authorized prison term for an offense is greater than six months, the defendant is entitled to a jury trial.[24] The Court stated that "the disadvantages of such a sentence, 'onerous though they may be, may be outweighed by the benefits that result from speedy and inexpensive nonjury adjudications.' "[25]

In *Blanton v. North Las Vegas Municipal Court,* this court relied upon policy considerations to limit when jury trials are required in criminal cases.[26] These policy considerations included the fact that

---

[20]"Provable damages" is defined as "earnings, medical expenses, property damages and similar tangible expenses (i.e., out-of-pocket expenses)."

[21]*Blanton v. North Las Vegas Mun. Ct.,* 103 Nev. 623, 633, 748 P.2d 494, 500 (1987), *aff'd sub nom. Blanton v. City of North Las Vegas,* 489 U.S. 538 (1989).

[22]*State v. Smith,* 99 Nev. 806, 809, 672 P.2d 631, 633 (1983).

[23]*Id.* (citations omitted).

[24]*Blanton,* 489 U.S. at 542 (citing *Baldwin v. New York,* 399 U.S. 66, 69 (1970) (plurality opinion)).

[25]*Id.* at 543 (quoting *Baldwin,* 399 U.S. at 73 (plurality opinion)).

[26]103 Nev. at 634-35, 748 P.2d at 501.

nonjury trials are speedy and inexpensive, jury trials impose burdens on jurors, and there are administrative problems involved in providing jury trials.[27] Jury trials in small civil matters should be limited, based on these same policy considerations. Civil litigants in minor cases must be able to present their arguments in a forum which does not require formal knowledge of procedures such as selecting jurors and presenting jury instructions.

The justices of the peace in Las Vegas Township had the right to consider these actions as small claims. The Supreme Court of Iowa agreed with this premise by finding that parties are not entitled to jury trials when the relief sought is $5,000 or less.[28] The justices of the peace should have the right to adopt the same policy in Nevada.

---

[27]*Id.*

[28]*Iowa Nat. Mut. Ins. Co. v. Mitchell,* 305 N.W.2d 724 (Iowa 1981).