Becker, C. J.,
concurring:
Although I concur in the majority opinion’s holding that a jury trial is not required in small claims proceedings, I write separately to address my reasons for distinguishing this case from our decision in Aftercare of Clark County v. Justice Court.[1]
In Aftercare, we addressed whether a local justice court policy violated Article 1, Section 3 of the Nevada Constitution. We concluded that it did and that the Nevada Constitution guaranteed a right to trial by jury in justice court civil actions regardless of the amount in controversy.[2] We specifically reserved for another day the applicability of the constitutional provision to legislatively created small claims proceedings.
We are now asked to determine whether litigants in a small claims proceeding are entitled to a jury trial, either initially or on appeal, in a trial de novo. I conclude that they are not and that the framers of the Nevada Constitution did not contemplate otherwise.
There is a distinction between a formal civil action and an informal small claims proceeding, and this distinction was recognized at common law, both in England and the United States, before the Nevada Constitution was adopted in 1864.[3] Civil actions were tried before juries; small claims proceedings were not.[4] The distinction developed to permit individuals to litigate, in an informal manner, legal disputes involving comparatively small sums of money without the necessity of incurring significant legal expenses.[5]
I distinguish this case from Aftercare on four primary grounds: (1) the records of Nevada’s constitutional debates, (2) the history of small claims proceedings in England and the United States, (3) the California Supreme Court’s interpretation of an identical jury trial provision in the California Constitution, and (4) the 1978 amendments to the judicial article of the Nevada Constitution.
Beginning with our constitutional debates, the drafters of the Nevada Constitution envisioned that English common law, as modified by the practices in the United States at the time of the adop *876 tion of the Constitution in 1864 or by express language in the Constitution itself, controlled the right to a jury trial. This has also been the rule of construction used in interpreting the Nevada Constitution.[6]
The representatives to Nevada’s constitutional convention were familiar with the common-law history of a civil jury trial.[7]
The objection suggested by the gentleman from Washoe arises, possibly, from the difficulty of determining what constitutes a jury. Under the Constitution of the United States, and under the Constitutions of most of the States — probably every State in the Union where the right of trial by jury is provided for . . . resort must be had for construction to what is understood by the common law right of jury trial. . . . [I]t would be necessary, under a constitutional provision simply declaring that the right of trial by jury shall remain inviolate, that resort should be had to that common law rule in order to ascertain and determine what number constitutes a jury.[8]
Our constitutional drafters clearly intended that the right to a jury trial be interpreted with reference to common law, and jury trials did not exist under common law for small claims cases.
In addition, when they intended to depart from the common law, the drafters included express language to that effect in Nevada’s Constitution.[9] Indeed, many of the representatives argued against the adoption of a three-fourth’s majority vote for verdicts in civil cases because it was a radical departure from common law.[10] If the framers intended to further depart from common law by prohibiting final nonjury adjudications via small claims proceedings, the Constitution would have addressed this issue.
Finally, the delegates who drafted Nevada’s Constitution were concerned with preserving a system that afforded litigants an informal, cost-effective method of handling small claims. In debating why justice court jurisdiction should not include title to real property, Mr. Charles E. DeLong stated:
Justices’ Courts are not Courts of Record; they are courts instituted for the trial of cases involving small sums of money, *877 or damages in small amounts, and their proceedings are not surrounded with that degree of dignity and solemnity which causes the judgments of a court to be referred to subsequently for the matters determined therein. It is a court where the pleadings need not be made in writing, where the allegations and answers may be stated orally, and not placed on any record, and where nearly all the formalities which are observed in the higher courts may be dispensed with.[11]
Mr. DeLong then expressed his objections to expanding either the monetary jurisdiction of the justice courts or their substantive jurisdiction because he feared justices of the peace might not have the requisite learning to handle more complex cases.[12] His remarks do not clarify what practices existed in the territorial courts or refute the general proposition that jury trials were not granted in small claims proceedings.
Although delegate Lloyd Frizell commented that people would have a right to a jury trial in all cases,[13] his comments are at odds with statements of other delegates and the territorial statutes. For example, delegate John A. Collins indicated that juries would not try certain cases:
I see no reason why, if a justice is capable of deciding in an action of assumpsit, he may not also take the testimony and balance evenly the scales of justice in an action of this kind. If he can decide justly between man and man in the one case, he can in the other.[14]
Of course one can argue that by not including a monetary threshold, especially given the existing example of the United States Constitution’s twenty-dollar limit, the drafters intended that parties have some method of obtaining a jury trial at some stage of a small claims case. But the debates do not support such a conclusion, and one can equally argue that the framers intended no greater right than those granted under the United States Constitution. In light of the drafters’ concern for preserving informal and cost-effective methods of resolving monetarily small disputes, I submit a more harmonious reading is to require jury trials only in civil actions, which are already more complex and subject to additional costs and fees.
The long history of small claims proceedings at common law supports the conclusion that jury trials are not required in any stage of small claims proceedings. In the mid-1800s, the threshold for ju- *878 ryless trials in England was five pounds.[15] Moreover, England recognized a distinction between formal actions and informal small claims proceedings.[16] A plaintiff, by choosing the forum, also chose whether the claim would be litigated before a judge or a jury.[17] The United States Constitution limited jury trials in civil cases to controversies exceeding twenty dollars.[18]
It is undisputed that, under English common law in 1864, cases involving small monetary claims were tried by judges in informal, inexpensive proceedings.[19] Thus, absent a clear indication that American common law departed from that practice, Nevada’s jury trial provision would not require juries in small claims special proceedings. A review of American practice in 1864 reveals no clear evidence of a national departure from English common law on this issue.
While Aftercare contains some language suggesting that territorial law altered English common law,[20] monetary thresholds for jury trials and small claims proceedings are not discussed in the territorial laws. In fact, the territorial legislature stated that “[t]he Common Law of England, so far as it is not repugnant to, or inconsistent with the Constitution or Laws of the United States, or the Laws of the Territory of Nevada, shall be the rule of decision in all Courts of this Territory.”[21]
The territorial statutes governing jury trials discussed in Aftercare[22] established the procedures for demanding and conducting jury trials but did not grant a right to trial. In addition, many of the sections appear to apply to more formal civil actions, not informal small claim type proceedings. For example, section 155, which states that a jury decides issues of fact unless waived,[23] is not found in the section governing civil proceedings in justice courts.[24] Instead, it falls amongst provisions that apply to civil actions in district, not justice, courts. Thus, it is unclear whether section 155 was intended to apply to all courts and proceedings or just civil actions.
*879 Moreover, other sections of the territorial laws permitted a judge, not a jury, to decide issues of fact.[25] In addition, a judge could appoint a referee to hear and decide all issues of fact in certain cases.[26]1 recognize that the actions where a judge, not a jury, tried issues of fact under the territorial laws appear to involve rights sounding in equity and the common-law rule prohibiting jury trials in equitable actions,[27] rather than small claims proceedings. Nevertheless, the presence of provisions permitting judges to try issues of fact emphasizes that nonjury trials were recognized as part of American common-law practice in 1864.
There appears to be no equivalent in the territorial laws to our modem small claims proceeding. Actions involving claims for money could be commenced formally in writing or informally upon an oral statement.[28] Beyond this, however, it appears that the rest of the case would be tried as though a written complaint had been filed. It is unclear whether the statutes required a jury trial, unless waived, in oral pleading cases. A demand could certainly be filed, but we do not know if such demands were stricken in cases involving less than twenty dollars because a jury trial would not be required under the Seventh Amendment to the Federal Constitution, which governed right to a jury trial in the federal territories.
Based upon the history of small claims proceedings in England and the United States as well as the provisions of the territorial laws relating to trial of civil action cases, I conclude that the framers of the Nevada Constitution did not contemplate eliminating the jury trial distinction between civil actions and small claims proceedings, and the Legislature was free to create a nonjury small claims trial and appellate proceedings without violating the Nevada Constitution.
In addition to the history of small claims proceedings, another rale of constitutional construction is helpful in resolving this issue. When a constitutional provision or statute is taken from another state, we look to the construction given that provision by the originating state when construing the Nevada equivalent provision.[29]
Nevada’s Constitution, particularly its judicial articles, were taken nearly word for word from the California Constitution.[30] *880 California’s constitutional jury trial provision is identical to Nevada’s.[31] We therefore look to California case law interpreting California’s Constitution when construing Nevada’s identical constitutional provisions.
The California Supreme Court has stated that the California Constitution “preserves the right to a jury in those actions in which there was a right to a jury trial at common law at the time the Constitution was first adopted.”[32] When considering whether the California Constitution prohibited the California Legislature or courts from creating a nonjury small claims procedure, including no method for obtaining a jury trial through trial de novo or transfer to another docket, the California Supreme Court in Crouchman v. Superior Court concluded,
The principle established by the English common law as it existed in 1850 was that small claims, as legislatively defined within limits reasonably related to the value of money and the cost of litigation in the contemporary economy, were to be resolved expeditiously, without a jury and without recourse to appeal.
. . . [W]e conclude that [defendant] has neither a constitutional nor a statutory right to jury trial in this proceeding.[33]
In reaching its conclusion, the court also referenced section 592 of the California Code of Civil Procedure, which provided that “an issue of fact must be tried by a jury.”[34] This language is nearly identical to the Nevada territorial statutes relied upon m. Aftercare.[35] The California court concluded that such statutes were not intended to create jury trial rights beyond those established at common law.[36]
Given that Nevada’s constitutional drafters were so heavily influenced by practices and procedures in California and the California Constitution, I agree with the majority’s application of Crouchman to our construction of Nevada’s jury trial provision. The creation of a small claims proceeding that does not provide for a jury trial, either through a trial de novo or some method of transfer to a civil docket, does not violate Nevada’s Constitution.
In addition to the reasons set forth above, I believe that the court should also consider the 1978 amendments to Nevada’s Constitu *881 tion. In 1978, the voters approved amendments that eliminated the three hundred dollar monetary cap and increased substantive jurisdictional limits for justice courts. In approving the measure for submission to the voters, the Legislature expressed its desire to provide expanded jurisdiction in justice courts for small dollar amount cases.[37] The primary argument presented to voters in favor of passage stated that:
Passage of this proposed constitutional amendment would remove the $300 maximum limit of jurisdiction for Nevada’s justice courts and permit the legislature to adjust the limits as changing times may require. On the assumption that the legislature would raise this limit, established in 1864, to a realistic and modern figure, more matters could be heard at the less formal and less expensive level of the peoples’ court.[38]
Nonjury small claims proceedings had existed in justice courts since 1923. The Legislature and the voters in 1978 intended to preserve this forum, while giving the Legislature greater flexibility to adjust justice court jurisdiction. The statement is consistent with common-law practice in 1864, utilizing less expensive, informal nonjury proceedings to resolve small claim civil disputes.
For the reasons cited herein, I conclude that the Nevada Constitution does not require jury trials in small claims actions, either initially, on trial de novo or through some type of docket transfer. There is nothing inconsistent with treating justice court civil actions differently from small claims proceedings — this is the issue specifically left undecided in Aftercare. I concur with the majority that the trial court acted improperly in ordering the justice of the peace to conduct a jury trial in a small claims action and would grant the petition.[39]

 120 Nev. 1, 82 P.3d 931 (2004).

Id. at 8, 82 P.3d at 935.

Margreth Barrett, The Constitutional Right to Jury Trial: A Historical Exception for Small Monetary Claims, 39 Hastings L.J. 125, 129 (1987).

Id. at 142-44.

Id. at 144.

Aftercare, 120 Nev. at 4, 82 P.3d at 932.

Debates of Proceedings of the Nevada State Constitutional Convention of 1864, at 57, 198 (Andrew J. Marsh off. rep., 1866) [hereinafter Report of the Debates] (statements of delegates Cornelius M. Brosnan and J. Neely Johnson).

Id. at 198 (statement of delegate J. Neely Johnson).

Id. at 53-58 (debate regarding departure from common-law rule for unanimous verdicts in civil cases to new rule of three-fourth’s majority verdict).

Id.

Id. at 679-70.

Id. at 680.

Id. at 684.

Id. at 683.

 1 Sir William Holdsworth, A History of English Law 192 (7th ed. 1956); Barrett, supra note 3, at 143.

Barrett, supra note 3, at 154.

Id.

U.S. Const. amend. VII.

Holdsworth, supra note 15, at 186-87.

Aftercare, 120 Nev. at 6, 82 P.3d at 934.

 1861 Nev. Laws, ch. 1, § 1, at 1.

Aftercare, 120 Nev. at 6 n.24, 82 P.3d at 934 n.24.

 1861 Nev. Laws, ch. 103, § 155, at 339.

The provision is not located in Title XVI, which is captioned “Of Proceedings in Civil Cases in Justice Courts.” Id. at 394.

Id. § 181, at 344.

Id. §§ 182-83, at 344.

C & K Engineering v. Amber Steel Co., Inc., 587 P.2d 1136, 1139-41 (Cal. 1978).

 1861 Nev. Laws, ch. 103, §§ 511-12, at 401.

Harvey v. Dist. Ct., 117 Nev. 754, 763, 32 P.3d 1263, 1269 (2001).

Report of the Debates, supra note 7, at 17 (statement of delegate J. Neely Johnson).

Cal. Const. art. I, § 3 (1849) (replaced 1879).

Crouchman v. Superior Court, 755 P.2d 1075, 1079 (Cal. 1988).

Id. at 1080-81.

Id. at 1078.

Aftercare, 120 Nev. at 6 n.24, 82 P.3d at 934 n.24.

Crouchman, 755 P.2d at 1078.

Hearing on A.J.R. 36 Before Assembly Judiciary Comm., 58th Leg. (Nev., February 16, 1977).

 1978 General Election Sample Ballot, Argument for Passage of Ballot Question No. 2, at 6.

The real party in interest did not argue below, and therefore I do not address, whether the $5,000 limit on small claims actions is equivalent to fifty pounds or twenty dollars in 1864.