Rose, L,
with whom Douglas, L, agrees,
dissenting:
The majority opinion has fashioned a result that appears to be both a practical and politically popular solution. Unfortunately, it completely fails to recognize the Nevada Constitution’s unqualified guaranty that “the right of trial by Jury shall be secured to all.”[1] The concurring justice who signed the Aftercare decision over a *882 year and a half ago with not so much as a murmur of dissent now reaches the opposite conclusion even though both cases involve court procedures in justice courts. Since the majority and concurring opinions seriously erode our holding in Aftercare and do not recognize the right to a jury trial in a justice court proceeding, I dissent.
The Nevada Constitution guarantees the right to a jury trial and states that the right shall always remain inviolate,[2] but the majority opinion concludes that the small claims procedure created in 1923 by statute is really a new court unknown to the founding fathers and, therefore, it is not encumbered by the constitutional directive. This reasoning is wrong for three reasons. First, the Nevada Constitution’s guaranty of a jury trial is not qualified — it does not read, “the right to a jury trial shall be secured to all, except for minor matters handled by a small claims court.” Second, the type of actions now processed in small claims courts existed when the Nevada Constitution was adopted and were processed as minor cases in justice court. The creation of a small claims process does not mean that those cases did not exist at the time of Nevada’s statehood.
And third, the small claims procedure is part of our justice courts, and justice courts are created and bound by the Nevada Constitution. The small claims procedure authorized in 1923 is an informal process to be used in justice courts and handled by justices of the peace. The small claims procedure exists today primarily in the Justice Court Rules of Civil Procedure,[3] but certain provisions of the procedure are located in Title 6 of the Nevada law, entitled “Justices’ Courts and Civil Procedure Therein.” Title 6 states that “[i]n all cases arising in the justice’s court” where the amount is not in excess of $5,000, the “justice of the peace” may adopt an abbreviated procedure commonly referred to as a small claims court.[4] Nothing could be more clear — the small claims procedure is part of justice court, yet the majority opinion concludes that small claims court is “different” and that the 1923 statute trumps the unqualified constitutional guaranty of the right to a jury trial.
The majority opinion baldly declares that “[gjiven the historical examination of our Constitution, we hold that courts added to the governmental and judicial structure after the Constitution’s ratification in 1864 do not implicate the right to jury trials absent specific legislative enumeration.’ ’ This reasoning would mean that if the Legislature creates a construction defect process to be handled *883 by district court judges without specifically stating that parties in those cases have a right to a jury trial, no right to a jury trial exists. Surely the majority opinion does not mean to give the Legislature the right to determine if a citizen gets a jury trial when that unqualified right is given to all citizens by the Nevada Constitution. But just when you conclude that they can’t possibly mean that, the majority unequivocally states that “the right to a trial by jury is to be regulated by legislation,” not guaranteed by the Nevada Constitution.
In fact, Article 6, Section 1 of the Nevada Constitution expressly provides that “[t]he Judicial power of this State shall be vested in a court system, comprising a Supreme Court, District Courts, and Justices of the Peace.” This provision goes on to state that “[t]he Legislature may also establish, as part of the system, Courts for municipal purposes only in incorporated cities and towns.” This constitutional provision does not allow the Legislature to create any other types of courts. The creation of small claims courts in justice court was either the addition of an informal process to settle minor complaints or was the illegal creation of a court outside that permitted by the Nevada Constitution. Obviously, the answer is the former.
In Aftercare, a five-justice majority concluded “that the Nevada constitutional guaranty of trial by jury covers justice court civil actions even when small amounts are in controversy.”[5] Even though we did not expressly hold that this included cases involving small amounts of money in the small claims procedure, that conclusion seemed almost inescapable. But the majority and concurring opinions, while leaving intact the final result reached in Aftercare, now attack the very basis for that decision. The majority and concurring opinions now make a fundamentally different choice in analysis than we did in the Aftercare decision. In Aftercare, we explained that “Nevada’s jury trial right is based on an 1864 version of the English common law as statutorily modified in this country.”[6] By 1864, a number of states had statutorily conferred jury trial rights on small claims participants.[7] The majority fails to acknowledge this and instead relies on California and Iowa cases that take a different approach: these courts define the jury trial right based solely on the English common law.
Our Aftercare decision also pointed out that Nevada’s territorial legislature crafted a jury trial guaranty without any minimum mon *884 etary threshold and that this absolute jury trial guaranty emerged from the Constitutional Convention of 1864 unchanged.[8] Aftercare clearly directed that when we interpret Nevada’s jury trial right, we are to interpret the right with regard to English common law, as modified at the time of the Nevada Constitution’s adoption.[9] The concurring justice pays mere lip service to this mandate but then dives into a lengthy discussion of early English common law as modified by states that have a much different historical development than Nevada.
In Aftercare, we stated that when states construe the jury trial right, ‘ ‘most states look to the jury trial practice in their own territory or colony prior to statehood.”[10] We also acknowledged that Nevada’s case law had previously favored a slightly more expansive approach, but Aftercare was primarily guided by Nevada’s jury trial practice as designed by our territorial legislature. In Nevada, our territorial legislature removed any monetary threshold for the jury trial right, and, as the concurring justice appropriately points out, “[tjhere appears to be no equivalent in the territorial laws to our modern small claims proceeding.” Thus, contrary to many other states,[11] Nevada did not historically distinguish small claims actions by requiring that they be adjudicated in juryless proceedings. Therefore, our constitutional provision giving an unqualified right to a jury trial is not dependent upon whether the case arises as a justice court civil action or a small claims action. And, citing to states where the distinction between small claims actions and other types of actions was recognized at inception and where monetary thresholds were established for a jury trial right expressly rejects the distinction made in Aftercare.
Finally, the concurrence concludes that we should be influenced by the 1978 amendments to Nevada’s Constitution. It states that because nonjury small claims proceedings had existed in justice courts since 1923, it was the intent of the Legislature and the voters to preserve this forum. However, one key fact is forgotten — that in 1978 all justice court actions, not just small claims proceedings, were nonjury actions. The constitutional right to a jury trial in justice court was not enforced until some twenty-six years later, in *885 Aftercare. Thus, the 1978 amendments do not support the position taken today by our concurring justice. Where this leaves our decision in Aftercare is anyone’s guess, but it does appear that Aftercare has been overruled sub silentio.
One final point must be made regarding the result produced today by the majority and that reached in Aftercare over a year ago. The majority and concurring opinions have now created a situation where a plaintiff in justice court with a claim under $5,000 can elect to file the action on the justice court civil docket and request a jury trial pursuant to Aftercare. But a defendant sued in a small claims proceeding in the very same type of action in justice court has no such right to demand a jury trial. This results in treating a plaintiff and a defendant unequally, providing one with the election to have a jury trial and the other without. The United States and Nevada Constitutions require equal protection under the law for all parties,[12] and this appears to be a blatant violation of those constitutional clauses.[13]
The majority opinion ignores two fundamental legal concepts: the difference between a constitutional provision and a statute, and that the creation of a small claims process to be handled by justice courts was not the creation of a new court, but rather the authorization of the use of an informal process in justice court for cases under $5,000. While the majority opinion opines that there is a difference between a justice court civil action and small claims court, we do know that they are both part of the justice courts and that justice courts, whatever the specific court dockets or procedures within them, are subject to the Nevada Constitution. The majority opinion has reached a pragmatic result, but ignores the Nevada Constitution in the process.
I dissent for the reasons stated.

Nev. Const, art. 1, § 3.

Id.

See JCRCP 88-100.

NRS 73.010.

Aftercare of Clark County v. Justice Court, 120 Nev. 1, 8, 82 P.3d 931, 935 (2004).

Id. at 6, 82 P.3d at 933.

See Capital Traction Company v. Hof, 174 U.S. 1, 17, 22, 25 (1899) (listing state statutes that authorized a jury trial at some stage of a small claims proceeding).

Aftercare, 120 Nev. at 6-7, 82 P.3d at 934.

Id. at 4, 82 P.3d at 932.

Id. at 5, 82 P.3d at 933.

Margreth Barrett, The Constitutional Right to Jury Trial: A Historical Exception for Small Monetary Claims, 39 Hastings L.J. 125, 145-50 (1987) (discussing the historical right to a jury in American colonies and territories during the seventeenth, eighteenth, and nineteenth centuries and describing how the colonies and territories did not allow small monetary claims to be tried by a jury). The very title of this article, which the concurrence cites as support for her position, describes a history of the jury trial right that is vastly dissimilar from Nevada’s.

U.S. Const, amend. XTV, § 1; Nev. Const, art. 4, § 21.

It appears that no court that has concluded that jury trials are not required in small claims actions has been confronted with the discrepancy between plaintiffs and defendants that now exists in Nevada. A majority of courts have concluded that denying jury trials to small claims defendants violates the constitutional right to a jury trial or to due process unless there is some mechanism for obtaining a jury trial in another tribunal. E.g., Windholz v. Willis, 573 P.2d 1100 (Kan. Ct. App. 1977); Ela v. Pelletier, 495 A.2d 1225 (Me. 1985); Flour City Fuel Transfer Co. v. Young, 185 N.W. 934 (Minn. 1921); North Central Services, Inc. v. Hafdahl, 625 P.2d 56 (Mont. 1981); Kneeland v. Matz, 388 N.W.2d 890 (S.D. 1986); State Ex Rel. McCool v. Small Claims Court, 532 P.2d 1191 (Wash. Ct. App. 1975).