ALEXANDER MOORE, A MINOR, BY HIS GUARDIAN AD LITEM, DARLENE V. MOORE, AND DARLENE MOORE AND HENRY L. MOORE, INDIVIDUALLY, APPELLANTS, *v.* WILLIAM E. BANNEN, M.D., AND WILLIAM E. BANNEN, M.D., LTD., RESPONDENTS.

No. 20469

October 25, 1990                                  799 P.2d 564

*Galatz, Earl, Catalano & Smith,* Las Vegas, for Appellants.

*Barker, Gillock, Koning, Brown & Earley,* Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

The issue to be decided in this appeal is whether the district court erred in instructing the jury as to the existence of a settlement between plaintiffs and a former co-defendant. For the reasons set forth below, we find that the district court did so err and therefore reverse and remand for a new trial on the issue of damages.

## Facts

About a day after his birth in a Las Vegas, Nevada hospital,

appellant Alexander Moore (Alexander) showed signs of a problem known as jaundice. Soon after being brought home by his parents, Alexander's condition began to worsen, and the infant was taken by his mother to a local clinic. A doctor at the clinic, respondent Dr. William E. Bannen, ran some tests in an attempt to determine the cause of the problem. The results of these tests were not reported to Alexander and his parents in a timely manner, however, Alexander developed a serious condition known as kernicterus. Alexander's parents then brought suit individually and on his behalf against both Dr. Bannen, and Alexander's pediatrician, Dr. Gary Hoffman, alleging that the negligence of these doctors had been the cause of Alexander's injuries.

Just prior to trial, appellants reached a monetary settlement with Dr. Hoffman, and thus proceeded to trial solely against Dr. Bannen. The Moores then sought to exclude any mention of this compromise to the jury. The trial court granted the motion, but reserved the right to determine at a later time whether it would instruct the jury on the settlement. At the conclusion of the evidence, the district court did, in fact, instruct the jury that a settlement was reached between plaintiffs and Dr. Hoffman.[1] The jury then returned a verdict in Alexander's favor, awarding him damages in the amount of $112,000.00. The Moores appealed.

Appellants contend that the trial court erred in giving the jury any information with regard to the settlement with Dr. Hoffman. The Moores argue that the instruction given by the trial court allowed the jury to speculate that appellants were seeking a double recovery to which they were not entitled, and that the jury therefore returned an unfairly low verdict in order to prevent such a recovery from occurring. For the reasons discussed below, we agree that it was error for the trial court to have given the disputed instruction, and declare that henceforth where there has

---

[1]The instruction read as follows:

INSTRUCTION NO. 19: Dr. Gary Hoffman was named as a defendant in this action, but prior to trial a settlement was reached with Dr. Hoffman and all claims against him were removed from your consideration.

The terms of that settlement are confidential and may not be disclosed to you. You are to determine the liability, if any, of the remaining defendants in this action and to assess such damages, if any, as you may deem appropriate. If you conclude that defendants are liable, you may return an award that fully compensates the plaintiffs for all of their injuries without regard to the fact that the plaintiffs received compensation from Dr. Hoffman. The court will determine any apportionment of compensation.

been a settlement between a plaintiff and one of several defendants, the jury may not be informed as to either the fact of the settlement or the sum paid.

## Discussion

The question presented, whether it is proper to instruct the jury regarding absent settling defendants, has not been addressed by the courts of this state. In many recent cases, however, courts in other states have held that it was error to so inform the jury. *See, e.g.,* Slayton v. Ford Motor Co., 435 A.2d 946 (Vt. 1981); *cf.* Greenemeier by Redington v. Spencer, 719 P.2d 710, 714 (Colo. 1986) (jury may be informed of existence, but not amount, of settlement); Tatum v. Schering Corp., 523 So.2d 1042, 1045 (Ala. 1988) (jury may be informed of both the existence and amount of settlement). In *Slayton,* the Vermont Supreme Court adopted this so-called "court rule," reasoning that giving the jury any information on the subject could lead to speculation that the settling defendant admitted liability and is therefore solely responsible. *Id.* at 947. *See also* De Lude v. Rimek, 115 N.E.2d 561, 565 (Ill. 1953).

Alternatively, the *Slayton* court postulated that providing the jury with such information might lead to speculation that one defendant's settlement is an admission of negligence that should be imputed to a non-settling defendant. *Id. See also* Azure v. City of Billings, 596 P.2d 460, 466 (Mont. 1979). Because allowing the jury to receive such information can thus lead to speculation in favor of either party, the court in *Slayton* noted that the "court rule" is favored by both plaintiffs and defendants alike. *Id.* at 947-48. For this reason, the *Slayton* court held that the jury could not be informed as to either the amount or existence of a previous settlement, and that any apportionment that was needed would be done by the court. *Id.* at 947.

We agree with the Vermont Supreme Court that allowing the jury to be informed about the existence of settling co-defendants can lead to improper speculation.[2] In fact, a close examination of the record reveals that such speculation may have occurred in this case. The jury here found that Dr. Bannen was negligent, yet also returned a verdict of only $112,000.00. While this verdict may not have been so inadequate as to justify an additur, *see* Drummond v. Mid-West Growers, 91 Nev. 698, 712 542 P.2d 198, 208 (1975), it was certainly at the low end of the scale, given the

---

[2]Our conclusion is further consistent with NRS 41.141 which bars instructions informing the jury of the *amount* of a settlement. This statute does not control our decision in this case, however, since it applies only to claims arising after July 1, 1987, the appellants' cause of action arose in 1981.

evidence presented.[3] Due to the paucity of this verdict, we therefore feel that it is quite possible that the jury in this case speculated that Alexander had already received a total recovery from Dr. Hoffman and was seeking a windfall in the case at bar. Because the jury's verdict may thus have reflected an attempt to deny Alexander such a double recovery, rather than a true assessment of his damages, we feel it is necessary to remand this case for a new trial on that issue.

Because we so conclude, we need not address the other contentions raised by appellant.

---

[3]The issue of damages was fiercely contested at trial, with plaintiff presenting evidence that placed Alexander's damages at between $1.5 and $2 million. Although Dr. Bannen did present expert testimony that disputed the extent of Alexander's injuries, even respondent's experts agreed that Alexander was permanently and severely damaged, and would require much therapy and rehabilitation. Therefore, even under respondent's theory of the case, $112,000.00 was a very low verdict.