OPINION
By the Court, Hardesty, J.:
In this original writ proceeding, we consider whether Nevada’s Constitution includes a right to a jury trial in small claims court. We conclude that it does not and therefore issue a writ of mandamus directing the district court to vacate its order that reversed a small claims judgment and remanded the matter for a jury trial.

FACTS

Amber Schlauder and Amy Cheung were involved in a two-car accident. Cheung retained counsel and sued Schlauder, filing a small claims “Affidavit of Complaint” in the Las Vegas Township Justice Court. Cheung sought $5,000 for medical expenses.
Schlauder retained counsel and filed a motion to “remove” the case “from small claims court to justice’s court,” so that she could request a jury trial. A small claims referee denied the motion, ruling that removal was not possible because “small claims court” and the justice court are the same court. The referee also found Schlauder liable for Cheung’s medical expenses and court costs.
Schlauder then filed a jury trial demand, arguing that she had a constitutional right to a jury trial to test the legitimacy of Cheung’s medical expenses. The justice of the peace rejected Schlauder’s argument, reviewed Cheung’s medical bills and a letter from Cheung’s treating physician, and awarded Cheung $5,000 and court costs after Schlauder admitted liability.
Schlauder subsequently appealed to the district court, which reversed the judgment and remanded the case for a jury trial, reasoning that Schlauder had a constitutional right to trial by jury. Cheung then filed in this court the instant petition for a writ of mandamus or prohibition, arguing that no constitutional right to a jury trial exists in a small claims action. Schlauder answered the petition.

DISCUSSION

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an “of *869 fice, trust or station”[1] or to control an arbitrary or capricious exercise of discretion.[2] A writ of prohibition, on the other hand, is available to ensure that a district court operates within its jurisdiction.[3]
As a writ petition seeks an extraordinary remedy, we will exercise our discretion to consider such a petition only when there is no “plain, speedy and adequate remedy in the ordinary course of law”[4] or there are either urgent circumstances or important legal issues that need clarification in order to promote judicial economy and administration.[5] Here, Cheung cannot appeal from the district court’s order,[6] and whether there exists a right to a jury trial in a small claims action is an issue of first impression that impacts judicial economy and administration. Consequently, the writ petition warrants our consideration.
As recognized by the Justice Court Rules of Civil Procedure (JCRCP), small claims trials are intended to be “informal, with the sole object of dispensing fair and speedy justice between the parties.”[7] Not surprisingly then, no court rule authorizes a jury trial in a small claims action. There are also no formal pleadings or discovery mechanisms. Similarly, Title 6 of the Nevada Revised Statutes, which also governs justice court procedure, contains no provision for a jury trial in a small claims action.[8]
Preliminarily, we note that the lack of a statutory or rule-based mechanism for obtaining a jury trial does not impact a plaintiff. Any jury trial rights held by a plaintiff are not infringed by a bench trial in a small claims action because the plaintiff could have pur *870 sued recovery from a jury in a justice court civil action.[9] But a small claims defendant has no similar election by way of removal to another court, transfer to a different docket, or appeal to the district court.[10] Consequently, we focus on whether a small claims defendant has a constitutional jury trial right.
The Nevada Constitution guarantees the right to trial by jury and that the jury trial right shall remain inviolate forever.[11] The jury trial right, however, applies as it did under the common law in existence at the adoption of the Nevada Constitution in 1864.[12] As this court, in Aftercare of Clark County v. Justice Court, recently clarified, “Nevada’s jury trial right is defined by English common law as modified at the time of the Nevada Constitution’s adoption.”[13] This court further observed that the phrase “shall remain inviolate” means “to perpetuate the jury trial right as it was understood when the Nevada Constitution was adopted.”[14] Therefore, the right to a jury trial is a purely historical question, to be determined like any other social, political, or legal fact.[15]
When reviewing the historical aspects of jury trial rights, “most states look to the jury trial practice in their own territory or colony before statehood, in addition to the English practice, recognizing that the course of the common law may have been modified by territorial or colonial statute.”[16] This court adopted a broader approach in Aftercare, concluding that ‘ ‘Nevada’s jury trial right is based on an 1864 version of the English common law as statutorily *871 modified in this country.”[17] Based on an examination of the common law’s history at the time of the adoption of the Nevada Constitution, this court concluded in Aftercare ‘ ‘that the Nevada constitutional guaranty of trial by jury covers justice’s court civil actions even when small amounts are in controversy.”[18] The Aftercare court noted, however, that a different conclusion may be warranted in small claims actions.[19]
In reaching its decision, the Aftercare court made four observations about the right to a jury trial in justice court at the time of the founding of our great state. First, in 1861, Nevada’s territorial legislature mandated jury trials in justice court for factual issues, without regard to any minimum monetary threshold.[20] Second, the omission of a threshold in our State Constitution was not for lack of a model, given that the United States Constitution’s Seventh Amendment and Utah’s territorial laws impressed a twenty-dollar minimum threshold.[21] Third, during the Nevada constitutional convention, the right to a jury trial in justice court seemed to be an unchallenged assumption.[22] And fourth, two states prominent during Nevada’s development, California and New York, also allowed justice court jury trials without regard to a minimum monetary threshold.[23] None of these observations, however, provide support for extending the right to a jury trial to small claims actions.
Applying the historical test adopted in Aftercare, we note at the outset that the English common law, as statutorily modified in this country in 1864, provided for juryless small claims tribunals.[24] In England, “actions for small demands were triable before certain officers having a limited jurisdiction, without a jury.”[25] The *872 colonies of Massachusetts and New Jersey, for example, provided for juryless small claims tribunals for both the plaintiff and the defendant.[26]
And in Nevada, there is a fundamental difference between a justice court civil action, existent at the time of statehood, and small claims court, which was created almost sixty years after the adoption of the Nevada Constitution. Established by our Legislature in 1923,[27] the small claims court required then, as it still does today, that claims be under a monetary threshold.[28] Although justices of the peace are designated by the Legislature to preside over small claims court, in addition to justice court actions, small claims trials are intended to be “informal, with the sole object of dispensing fair and speedy justice between the parties.”[29] To that end, in small claims court a party is not permitted to conduct depositions or other discovery;[30] neither party may obtain attorney fees;[31] the plaintiff may not seek any prejudgment collection;[32] the proceedings are summary, excusing strict evidence rules;[33] and the collection of any judgment may be deferred and otherwise determined by the justice of the peace.[34]
Thus, the first and second observations made by the court in Aftercare, that a minimum monetary threshold was not historically required for a jury trial in justice court actions, is inapplicable to small claims court. Summary small claims actions like those established in 1923 simply did not exist in Nevada in 1864 and thus were not considered during the adoption of the State Constitution.[35]
The third observation in Aftercare, that the delegates simply assumed that the right to a jury trial existed in justice court actions, can be distinguished from small claims actions because that summary procedure was not considered by the delegates as part of the justice court system at the time of the constitutional convention. The delegates to the constitutional convention in 1864 did not discuss jurisdictional monetary threshold for justice court actions in the context of one’s right to a jury trial in justice court. Rather, the delegates debated excluding from the jurisdiction of the justice *873 court claims involving title to real property. The removal of the proposed monetary threshold was in response to the concern of some delegates that real property may increase in value, rendering any minimum limit ineffective for jurisdictional purposes. We should, therefore, recognize the intent of our founders, at the time of the ratification of the Nevada Constitution, with regard to the right to a jury trial in justice court. Their decision to omit any monetary threshold was based on concerns relating to the jurisdiction of the justice courts in civil actions, not on broadening jury trial rights.
Finally, the fourth observation in Aftercare, that California allowed justice court jury trials without imposing a monetary minimum, cannot logically be applied to the question of whether Nevada’s jury trial right extends to small claims actions. California, however, has rejected jury trial rights in small claims court.[36] In considering jury trial rights in small claims court under a constitutional provision similar to Nevada’s, the California Supreme Court was persuaded by the Iowa Supreme Court, which concluded, “If the basic Iowa law is rooted in English common law, then the constitutional direction that ‘the right of trial by jury shall remain inviolate’ carries with it the common-law concept that minor claims may be adjudicated without a jury.”[37]
The United States Supreme Court has stated, “It never could be the intention of the constitution to tie up the hands of the legislature, so that no change of jurisdiction could be made, and no regulation even of the right of trial by jury could be had.”[38] Given the historical examination of our Constitution, we hold that courts added to the governmental and judicial structure after the Constitution’s ratification in 1864 do not implicate the right to jury trials absent specific legislative enumeration. As prominent commentators have recognized, creating a juryless tribunal to resolve minor monetary claims using unique procedures is solely within the legislature’s prerogative.[39] In those tribunals, the right to a trial by jury is to be regulated by legislation.[40]
Finally, we point out that this conclusion simply makes sense in light of other proceedings within the justice system. As the dissent in Aftercare noted,[41] in criminal cases where the Sixth Amendment *874 of the United States Constitution applies to state courts,[42] the right to a trial by jury depends on whether the offense is characterized as “petty” or “serious.”[43] And “the United States Supreme Court has increasingly relied upon the objective criterion of the maximum possible penalty in deciding whether to characterize an offense as ‘petty’ or ‘serious.’”[44] That Court has concluded that when the maximum authorized prison term for an offense does not exceed six months, the defendant is not entitled to a jury trial.[45] According to the Supreme Court, “the disadvantages of such a sentence, ‘onerous though they may be, may be outweighed by the benefits that result from speedy and inexpensive nonjury adjudications.’ ”[46]
Analogous to the criminal distinction between “petty” and “serious” offenses, the Nevada Legislature established, by the enactment of NRS 73.010, the amount for “small claims” civil actions where “the amount claimed does not exceed $5,000.” This limitation, distinguishing actions with jury trial rights from those without such rights, is based on an objective criterion. To conclude otherwise would mean that in Nevada a defendant sued for one dollar has a right to a jury trial, but a citizen who could be incarcerated for up to six months in jail does not. It would be unreasonable to suggest that the founders of our Constitution intended such an imbalance to exist within Nevada’s justice system. Given the historical debate in this case, we conclude our Constitution should not be read to deny citizens the right to similarly speedy and less expensive trials in small claims civil cases.

CONCLUSION

Historically, there is a distinct difference between justice court and small claims court, and this difference is found in the sole reason for small claims courts’ existence: to provide an avenue for speedy and effective remedies in civil actions involving minimal sums. Like specialized courts under the common law, historically, Nevada small claims court law demands a party be able to bring his case to justice quickly and affordably. Therefore, we hold that a jury trial right does not exist under our Constitution in actions filed in small claims court. Accordingly, we grant this petition and direct the clerk of this court to issue a writ of mandamus directing *875 the district court to vacate its order reversing the small claims judgment and remanding the matter for a jury trial.
Gibbons and Parraguirre, JJ., concur.

NRS 34.160.

See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981).

NRS 34.320.

NRS 34.170; NRS 34.330.

State, Div. Child & Fam. Servs. v. Dist. Ct., 120 Nev. 445, 449, 92 P.3d 1239, 1242 (2004).

Nev. Const. art. 6, § 6; Lippis v. Peters, 112 Nev. 1008, 1010-11, 921 P.2d 1248, 1249-50 (1996).

JCRCP 96. See generally Nancy M. King, Annotation, Small Claims: Jury Trial Rights in, and on Appeal From, Small Claims Court Proceeding, 70 A.L.R. 4th 1119, 1121 (1989) (“[T]he basic purpose of small claims courts is to provide a less costly and protracted summary procedure for the litigation of claims not exceeding a specified, relatively low maximum amount. Thus, certain legal technicalities which may encumber an ordinary proceeding are generally dispensed with in a small claims proceeding”).

Compare NRS ch. 67 (trial by jury), with NRS ch. 73 (small claims).

Aftercare of Clark County v. Justice Ct., 120 Nev. 1, 4, 82 P.3d 931, 932 (2004); see also State ex rel. McCool v. Small Claims Court, 532 P.2d 1191, 1194 (Wash. Ct. App. 1975) (stating that a small claims plaintiff “waives the [jury trial] right by his choice of the forum”); Legislation, Small Claims Courts, 34 Colum. L. Rev. 932, 939-40 (1934); Comment, Courts: Jurisdiction of Small-Claims Courts, 11 Cal. L. Rev. 276, 279 (1923); e.g., Robb v. Matthews Buick-Pontiac, Inc., 516 N.E.2d 1110 (Ind. Ct. App. 1987).

See, e.g., JCRCP 76A (stating that “[a] case appealed must not be tried anew”).

Nev. Const. art. 1, § 3.

E.g., Hudson v. City of Las Vegas, 81 Nev. 677, 409 P.2d 245 (1965); Wainwright v. Bartlett, Judge, 51 Nev. 170, 271 P. 689 (1928).

 120 Nev. 1, 4, 82 P.3d 931, 932 (2004).

Id. at 6, 82 P.3d at 933.

Crouchman v. Superior Court, 755 P.2d 1075, 1078 (Cal. 1988).

Aftercare, 120 Nev. at 5, 82 P.3d at 933; accord Margreth Barrett, The Constitutional Right to Jury Trial: A Historical Exception for Small Monetary Claims, 39 Hastings L.J. 125, 130-33 (1987); Kirkland v. Blaine County Medical Center, 4 P.3d 1115, 1118 (Idaho 2000); People ex rel. Daley v. Joyce, 533 N.E.2d 873, 878 (Ill. 1988); Ela v. Pelletier, 495 A.2d 1225, 1228 (Me. 1985); Bell v. State, 176 N.W. 544, 544 (Neb. 1920); Gonzales v. *871 Lopez, 52 P.3d 418, 422 (N.M. Ct. App. 2002); Unemployment Comp. Com’n v. J. M. Willis B. & B. Shop, 15 S.E.2d 4, 7 (N.C. 1941); Greist v. Phillips, 906 P.2d 789, 796-97 (Or. 1995); White v. White, 196 S.W. 508, 512 (Tex. 1917); Sofie v. Fibreboard Corp., 771 P.2d 711, 718 (Wash. 1989). But see Keeter v. State, 198 P. 866, 872 (Okla. 1921) (declaring that Oklahoma’s jury trial right “was not predicated upon the statutes existing in the territory at [the time of the Oklahoma Constitution’s adoption], but upon the right of the citizen, as the same was guaranteed under the federal Constitution and according to the course of the common law”).

 Aftercare, 120 Nev. at 5, 82 P.3d at 933.

Id. at 8, 82 P.3d at 935.

Id.

Id. at 6, 82 P.3d at 934.

Id.

Id.

Id. at 7-8, 82 P.3d at 935.

See Roscoe Pound, Organization of Courts 47-52 (1940).

John Proffatt, A Treatise on Trial by Jury § 99, at 142 (1877), quoted in Wings of the World v. Small Claims Court, 987 P.2d 642, 644 (Wash. Ct. App. 1999).

Pound, supra note 24, at 30-32, 41-42, and 43-46.

 1923 Nev. Stat., ch. 149, § 1, at 260-64 (approving a small claims court in Nevada).

NRS 73.010.

JCRCP 96.

JCRCP 92; JCRCP 95.

NRS 73.040.

NRS 73.020.

JCRCP 96.

JCRCP97.

See 1861 Nev. Laws, ch. 103, § 527, at 404; id. §§ 648-50, at 424.

Crouchman v. Superior Court, 755 P.2d 1075, 1077 (Cal. 1988).

Iowa Nat. Mut. Ins. Co. v. Mitchell, 305 N.W.2d 724, 727 (Iowa 1981), cited with approval in Crouchman, 775 P.2d at 1080.

Capital Traction Company v. Hof, 174 U.S. 1, 27 (1899).

See Barrett, supra note 16, at 159.

O’Banion v. Simpson, 44 Nev. 188, 193, 191 P. 1083, 1084 (1920).

 120 Nev. at 12, 82 P.3d at 938 (Gibbons, J., dissenting).

Blanton v. North Las Vegas Mun. Ct., 103 Nev. 623, 633, 748 P.2d 494, 500 (1987), aff’d sub nom. Blanton v. North Las Vegas, 489 U.S. 538 (1989).

State v. Smith, 99 Nev. 806, 809, 672 P.2d 631, 633 (1983).

Id.

Blanton, 489 U.S. at 542 (citing Baldwin v. New York, 399 U.S. 66, 69 (1970) (plurality opinion)).

Id. (quoting Baldwin, 399 U.S. at 73 (plurality opinion)).