An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SANTA MARGARITA RANCH, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; KEN MAHAN; AND MARK
S. MAHAN,
Petitioners,
vs.
THE THIRD JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF LYON;
AND THE HONORABLE LEON
ABERASTURI, DISTRICT JUDGE,
Respondents,
  and
TULELAKE HORSERADISH, INC.,
Real Party in Interest.

No. 63369

**FILED**

APR 25 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION IN PART AND DENYING PETITION IN PART*

This is an original petition for a writ of mandamus or prohibition challenging a district court order disapproving acceptance of an offer of judgment and setting the case for trial.

Offers of judgment are governed by NRS 17.115 and NRCP 68, which provide that a party who accepts the offer can avoid the entry of a judgment by paying the amount of the offer within a reasonable time and requesting a dismissal of the complaint. NRS 17.115(1)-(2); NRCP 68(a), (d). Real party in interest Tulelake Horseradish, Inc., served a joint unapportioned offer of judgment on petitioners Ken Mahan, Mark Mahan, and Santa Margarita Ranch, LLC (collectively, the Santa Margarita parties). Tulelake's offer to the Santa Margarita parties was for a $20,000 judgment in favor of Tulelake, on the condition that Tulelake's right "to move for and obtain" attorney fees would be preserved upon the

14-13380

Santa Margarita parties' acceptance and filing of the joint unapportioned offer of judgment with the district court.

The Santa Margarita parties filed a notice of acceptance with the district court, wherein they purported to accept the joint unapportioned offer of judgment and requested a dismissal of Tulelake's complaint pursuant to NRS 17.115(2) and NRCP 68(d). Tulelake opposed the request for dismissal, contending that the Santa Margarita parties accepted Tulelake's joint unapportioned offer for a $20,000 judgment in its favor. In addition, Tulelake filed a motion for an award of attorney fees.

The district court issued an order, concluding that the Santa Margarita parties did not accept Tulelake's joint unapportioned offer of judgment because the "purported acceptance did not agree to preserve the Plaintiff's rights to recover attorney's fees." Accordingly, the district court did not decide on the Santa Margarita parties' request for a dismissal or Tulelake's motion for attorney fees.

The Santa Margarita parties filed the instant petition for writ relief, requesting that this court direct the district court to: (1) declare that they accepted Tulelake's joint unapportioned offer of judgment; (2) dismiss Tulelake's complaint pursuant to NRS 17.115(2) and NRCP 68(d); (3) deny Tulelake's motion for attorney fees; and (4) not proceed toward trial on Tulelake's complaint. For the reasons explained below, we grant in part the Santa Margarita parties' petition by issuing a writ of mandamus that requires the district court to (1) vacate its order in which it concluded that the offer of judgment was not accepted, and (2) hold further proceedings that are consistent with the agreed upon fact that the offer of judgment was accepted.

*The petition is properly before us*

Mandamus relief is available to compel an act that is required by law or to control an abuse of discretion. NRS 34.160; *see also Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition is available to arrest the proceedings of a district court that are outside of its jurisdiction. NRS 34.320. Because a writ petition seeks an "extraordinary remedy, we will exercise our discretion to consider such a petition only when there is no plain, speedy and adequate remedy in the ordinary course of law or there are either urgent circumstances or important legal issues that need clarification in order to promote judicial economy and administration." *Cheung v. Eighth Judicial Dist. Court*, 121 Nev. 867, 869, 124 P.3d 550, 552 (2005) (internal quotation omitted). "[W]hether an appeal is an adequate and speedy remedy 'necessarily turns on the underlying proceedings' status, the types of issues raised in the writ petition, and whether a future appeal will permit this court to meaningfully review the issues presented.'" *Rolf Jensen & Assocs. v. Eighth Judicial Dist. Court*, 128 Nev. ___, ___, 282 P.3d 743, 745-46 (2012) (quoting *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474-75, 168 P.3d 731, 736 (2007)).

Here, the petition does not challenge the district court's jurisdiction, as is done in a petition for a writ of prohibition. *See* NRS 34.320. Instead, it seeks to have the district court vacate its order and conclude that the offer of judgment was accepted, dismiss Tulelake's complaint, deny Tulelake's request for attorney fees, and prevent Tulelake's action from proceeding to trial. Thus, it is a request for mandamus relief. *See* NRS 34.160. Of the multiple requests in the petition, one warrants the extraordinary remedy of writ relief as it will

SUPREME COURT
OF
NEVADA

(O) 1947A

prevent unnecessary litigation: the request to have the district court's order vacated on the basis that the Santa Margarita parties accepted Tulelake's joint unapportioned offer of judgment.

*The parties agreed at oral argument that the offer of judgment was accepted*

In its order, the district court determined that Tulelake's offer of judgment was not accepted by the Santa Margarita parties. As a result, it did not consider Tulelake's motion for attorney fees. Although the parties' briefs were unclear about their positions on whether the Santa Margarita parties accepted Tulelake's offer of judgment, they both conceded at the oral argument before this court that the offer of judgment was accepted. Moreover, they agreed that the district court abused its discretion in determining otherwise and in not considering Tulelake's motion for attorney fees.

Therefore, to prevent unnecessary litigation, we grant in part the petition for writ relief, to the extent that it asks for the district court to vacate its order concluding that the Santa Margarita parties did not accept Tulelake's joint unapportioned offer of judgment. In so doing, we do not reach or grant the following requests within the petition: the request to have the complaint dismissed, the request to have the district court deny Tulelake's motion for attorney fees, and the request to prevent this matter from proceeding to trial. The issues that these requests entail are best resolved by the district court during proceedings that are consistent with this order and which operate on the agreed upon fact that the Santa Margarita parties accepted the offer of judgment.

Accordingly, we

ORDER the petition GRANTED IN PART AND DENIED IN PART and direct the clerk of this court to issue a writ of mandamus

instructing the district court to (1) vacate its order concluding that the Santa Margarita parties did not accept Tulelake's joint unapportioned offer of judgment, and (2) hold further proceedings that are consistent with our order and the parties' stipulation to the fact that the joint unapportioned offer of judgment was accepted.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Leon Aberasturi, District Judge
      Law Offices of Roderic A. Carucci
      Law Office of James Shields Beasley
      Third District Court Clerk