131 Nev., Advance Opinion 100

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ALI PIROOZI, M.D., AND MARTIN BLAHNIK, M.D., Petitioners, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JAMES M. BIXLER, DISTRICT JUDGE, Respondents, and TIFFANI D. HURST; AND BRIAN ABBINGTON, JOINTLY AND ON BEHALF OF THEIR MINOR CHILD, MAYROSE LILI-ABBINGTON HURST, Real Parties in Interest. | No. 64946 FILED DEC 31 2015 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY CHIEF DEPUTY CLERK |

Original petition for a writ of mandamus in a medical malpractice action.

*Petition granted.*

Cotton, Driggs, Walch, Holley, Woloson & Thompson and John H. Cotton and Christopher G. Rigler, Las Vegas,
for Petitioner Ali Piroozi, M.D.

Carroll, Kelly, Trotter, Franzen, McKenna & Peabody and Robert C. McBride and Heather S. Hall, Henderson,
for Petitioner Martin Blahnik, M.D.

Eglet Prince and Dennis M. Prince, Las Vegas; Eisenberg Gilchrist & Cutt and Jacquelynn D. Carmichael, Robert G. Gilchrist, and Jeff M. Sbaih, Salt Lake City, Utah,
for Real Parties in Interest.

15-40133

BEFORE THE COURT EN BANC.

## OPINION

By the Court, HARDESTY, C.J.:

On November 2, 2004, Nevada voters approved the Keep Our Doctors in Nevada (KODIN) ballot initiative. KODIN included the adoption of NRS 41A.045, which makes health-care provider defendants severally liable in professional negligence actions for economic and noneconomic damages. In this opinion, we address whether, in a health-care provider professional negligence action, NRS 41A.045 allows a defendant to argue the percentage of fault of settled defendants and to include those settled defendants' names on applicable jury verdict forms. Based on the plain language of the statute, we hold that the provision of several liability found in NRS 41A.045 entitles a defendant in a qualifying action to argue the percentage of fault of settled defendants and to include the settled defendants' names on the jury verdict form where the jury could conclude that the settled defendants' negligence caused some or all of the plaintiff's injury.

## BACKGROUND

This petition arises out of a professional negligence action. Real parties in interest, Tiffani Hurst and Brian Abbington, jointly and on behalf of their infant daughter MayRose, filed a complaint against several health-care providers, alleging that the providers' professional negligence caused MayRose to suffer permanent brain damage. All defendants settled with Hurst and Abbington, except for petitioners Dr. Ali Piroozi and Dr. Martin Blahnik.

During pretrial proceedings below, Hurst and Abbington filed a motion in limine to bar petitioners from arguing the comparative fault of

the settled defendants at trial and including those defendants' names on jury verdict forms. Relying on NRS 41.141[1] and *Banks ex rel. Banks v. Sunrise Hospital*, 120 Nev. 822, 102 P.3d 52 (2004), which interprets NRS 41.141, the district court granted the motion. Petitioners now ask this court to issue a writ of mandamus ordering the district court to allow petitioners to argue the comparative fault of the settled defendants and to place those defendants' names on the jury verdict forms.

## DISCUSSION

### Consideration of the writ petition

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court exercises its discretion to consider a petition for a writ of mandamus only "when there is no plain, speedy and adequate remedy in the ordinary course of law or there are either urgent circumstances or important legal issues that need clarification in order to promote judicial economy and administration." *Cheung v. Eighth Judicial Dist. Court*, 121 Nev. 867, 869, 124 P.3d 550, 552 (2005) (internal quotation marks omitted). Generally, an appeal from a final judgment or order is an adequate remedy precluding such writ relief. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558.

---

[1]NRS 41.141 is a comparative negligence statute that governs the liability of multiple defendants in actions asserting a comparative negligence defense.

We exercise our discretion to consider this writ petition in light of the important legal issues raised concerning whether NRS 41.141 or NRS 41A.045 applies and the corresponding effect on trials involving professional negligence by a health-care provider. We believe that consideration of this petition will promote judicial economy and administration in this case and other health-care provider professional negligence cases pending before the Nevada district courts because the resolution of the issues presented will promote settlements and reduce the time and expense of professional negligence trials involving comparative defense or other settling defendants. Accordingly, we conclude that this writ petition warrants our consideration.

*Merits of the writ petition*

Issues of statutory interpretation, even when raised in a writ petition, are reviewed de novo. *Int'l Game Tech.*, 124 Nev. at 198, 179 P.3d at 559. Petitioners contend that the district court abused its discretion by relying on NRS 41.141(3), which prohibits a jury from considering the comparative negligence of settled defendants and the settlement amounts, when a remaining defendant asserts a comparative negligence defense. Petitioners argue that NRS 41.141 does not apply in professional negligence actions because it invalidates NRS 41A.045's abrogation of joint and several liability by preventing petitioners from arguing the liability of settled defendants. We must resolve the conflict created when these separate statutes are read together.

The district court began its analysis with NRS 41.141. Notwithstanding its other limitations, NRS 41.141 applies only to actions where a defendant asserts comparative negligence as a defense. NRS 41.141(1); *see Café Moda, LLC v. Palma*, 128 Nev. 78, 80-81, 272 P.3d 137,

SUPREME COURT
OF
NEVADA

(O) 1947A

139 (2012). When NRS 41.141 does apply, a settling defendant's comparative negligence cannot be admitted into evidence or considered by the jury. NRS 41.141(3). Here, although a comparative negligence defense asserted against minor plaintiff MayRose would not be a bona fide issue, *see Buck by Buck v. Greyhound Lines, Inc.*, 105 Nev. 756, 764, 783 P.2d 437, 442 (1989), petitioners' comparative negligence assertions against plaintiffs Hurst and Abbington are bona fide issues triggering the application of NRS 41.141. *See* NRS 41.141(1). Thus, initially, NRS 41.141(3) appears to apply to Hurst and Abbington's claims.

We now turn to the application of NRS 41A.045. NRS 41A.045 states:

> 1. In an action for injury or death against a provider of health care based upon professional negligence, each defendant is liable to the plaintiff for economic damages and noneconomic damages severally only, and not jointly, for that portion of the judgment which represents the percentage of negligence attributable to the defendant.

> 2. This section is intended to abrogate joint and several liability of a provider of health care in an action for injury or death against the provider of health care based upon professional negligence.

We have repeatedly stated that if the plain language of a statute is clear on its face, we will not look beyond that language when construing the provision, "unless it is clear that this meaning was not intended." *See Szydel v. Markman*, 121 Nev. 453, 456-57, 117 P.3d 200, 202 (2005) (internal quotation omitted). NRS 41A.045(1) unequivocally provides that defendants in professional negligence actions are severally liable for economic and noneconomic damages. This means that an "injured person may recover only the severally liable person's comparative-responsibility share of the injured person's damages,"

Supreme Court
OF
Nevada

(O) 1947A

5

Restatement (Third) of Torts: Apportionment of Liab. § 11 (2000), which is "the portion of the judgment which represents the percentage of negligence attributable to the defendant." NRS 41A.045(1). Therefore, pursuant to NRS 41A.045, we hold that an injured plaintiff in a health-care provider professional negligence action can recover only the defendant's share of the injured plaintiff's damages.

Although the aforementioned approach places the risk of an insolvent or immune defendant on the plaintiff, several liability schemes are designed to protect individual defendants from liability exceeding the defendant's fault. *See Sowinski v. Walker*, 198 P.3d 1134, 1151 (Alaska 2008). That the voters of Nevada intended this meaning is evident not only by the plain language of NRS 41A.045, but also by the ballot initiative's explanation section, stating that the provision "imposes the risk of nonpayment to the injured party if a defendant is not able to pay his percentage of damages." Statewide Ballot Questions 2004, Question No. 3, Explanation.

Based on these conclusions, if defendants can be held responsible only for their share of an injured plaintiff's damages, it follows that defendants must be allowed to argue the comparative fault of the settled defendants and the jury verdict forms must account for the settled defendants' percentage of fault. *See Le'Gall v. Lewis Cnty.*, 923 P.2d 427, 430 (Idaho 1996) (explaining that "[i]f the jury could conclude, based on the evidence, that an actor negligently contributed to the plaintiff's injury,

then the actor must be included on the special verdict form"); Restatement (Third) of Torts: Apportionment of Liab. § B19 (2000).[2]

Consequently, NRS 41.141 and NRS 41A.045, when applied in cases where the comparative negligence defense is raised, conflict. NRS 41.141 precludes admitting a settling defendant's comparative negligence into evidence, whereas NRS 41A.045 presumes admission of evidence allocating damages based on proportionate liability. "Where a general and a special statute, each relating to the same subject, are in conflict and they

---

[2]Section B19 of the Restatement (Third) of Torts: Apportionment of Liability (2000), provides as follows:

> If one or more defendants may be held severally liable for an indivisible injury, and at least one defendant and one other party, settling tortfeasor, or identified person may be found by the factfinder to have engaged in tortious conduct that was a legal cause of the plaintiff's injury, each such party, settling tortfeasor, and other identified person is submitted to the factfinder for an assignment of a percentage of comparative responsibility.

*See also id.* § 11 cmt. a (2000) ("[B]ecause liability is limited to defendants' several share of damages, other nonparties may be submitted to the factfinder for an assignment of a percentage of comparative responsibility . . . [,] not to adjudicate their liability, but to enable defendants' comparative share of responsibility to be determined."); *id.* § B19 cmt. h (2000) ("If a jury is the factfinder, the court submits a verdict form seeking a determination of the total damages suffered by the plaintiff and the responsibility assigned to each party and each other person having legal responsibility for plaintiff's damages."); *DeBenedetto v. CLD Consulting Eng'rs, Inc.*, 903 A.2d 969, 980 (N.H. 2006) ("[A] rule of law limiting a jury or court to consideration of the fault of only the parties to an action would directly undermine the New Hampshire legislature's decision to assign only several liability . . . .").

cannot be read together, the special statute controls." *Laird v. State Pub. Emps. Ret. Bd.*, 98 Nev. 42, 45, 639 P.2d 1171, 1173 (1982); *see also State, Dep't of Taxation v. Masco Builder Cabinet Grp.*, 129 Nev., Adv. Op. 83, 312 P.3d 475, 478 (2013) ("A specific statute controls over a general statute." (internal quotation omitted)). Because NRS 41A.045 is a special statute focusing specifically on professional negligence of a provider of health care, it governs here.[3] Thus, when applicable, NRS 41A.045 displaces NRS 41.141.

Based on the foregoing analysis, the district court was required to permit petitioners the opportunity to argue the comparative fault of the settled defendants and include those defendants' names and an assignment of their percentage of fault on the jury verdict forms. Thus, we grant the petition and order the clerk of this court to issue a writ of mandamus directing the district court to vacate the portion of its pretrial order that conflicts with this decision and to enter a new order holding that petitioners may argue to the jury that a portion of Hurst and Abbington's damages was caused by the settled defendants and include those defendants' names on the jury verdict form for the purpose of allocating liability among all defendants.[4]

---

[3]Furthermore, "when statutes are in conflict, the one more recent in time controls over the provisions of an earlier enactment." *Laird*, 98 Nev. at 45, 639 P.2d at 1173. The Legislature added section 3 of NRS 41.141 to the statute in 1987; Nevada voters adopted NRS 41A.045 in 2004.

[4]We note that the dissent appears to rely on NRS 17.245, yet NRS 17.245 was not argued at the district court, was not discussed in the district court's order, and was not argued on appeal by the parties. Indeed, the district court based the settlement offset on NRS 41.141—not NRS 17.245—which was in itself an error. NRS 41.141(3) provides for a

*continued on next page . . .*

_____, C.J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Saitta

_____, J.
Pickering

_____

... *continued*

settlement offset in cases where the defendant raised comparative negligence as a defense, not in cases where the defendants' liability is several. Further, our dissenting colleague incorrectly states that NRS 17.245, which offsets a defendant's judgment by the settlement amount, would create a windfall. However, because the petitioners are only severally liable for their portion of the apportioned negligence damages, they are not entitled to an offset. *See* NRS 17.225(2) ("The right of contribution exists only in favor of a tortfeasor who has paid more than his or her equitable share of the common liability . . . ."). NRS 17.225(2) is taken almost verbatim from the Uniform Contribution Among Tortfeasors Act § 1(b) (2008), and the purpose of this act was to make each tortfeasor liable for "his or her percentage of fault and no more." *John Munic Enters., Inc. v. Laos*, 326 P.3d 279, 283 (Ariz. Ct. App. 2014) (internal quotation marks omitted); *see* Restatement (Third) of Torts: Apportionment of Liab. § 23(b) (2000) ("A person entitled to recover contribution may recover no more than the amount paid to the plaintiff in excess of the person's comparative share of responsibility."); *id.* at § 11 cmt. c (2000) ("[S]everally liable defendants will not have any right to assert a contribution claim."); *see also Target Stores, a Div. of Dayton Hudson Corp. v. Automated Maint. Servs., Inc.*, 492 N.W.2d 899, 904 (N.D. 1992) (holding that defendant was only severally liable for its negligence, so it did not have a contribution claim). Finally, the dissent makes a conclusory statement that NRS 41A.045 is discordant with NRS 17.245 but offers no legislative history to support this argument.

DOUGLAS, J., with whom CHERRY and GIBBONS, JJ., agree, dissenting:

I respectfully disagree with the majority's analysis as to the application of NRS 41A.045. NRS 41A.045 is ambiguous and does not abrogate NRS 17.245's offset provision, making it improper to introduce any evidence of settlement into the proceedings.

*Ambiguity*

"A statute is ambiguous when it is capable of being understood in two or more senses by reasonably informed persons or it does not otherwise speak to the issue before the court." *Chanos v. Nev. Tax Comm'n*, 124 Nev. 232, 240, 181 P.3d 675, 680-81 (2008) (internal quotation marks omitted).

NRS 41A.045 states:

> 1. In an action for injury or death against a provider of health care based upon professional negligence, each defendant is liable to the plaintiff for economic damages and noneconomic damages severally only, and not jointly, for that portion of the judgment which represents the percentage of negligence attributable to the defendant.

> 2. This section is intended to abrogate joint and several liability of a provider of health care in an action for injury or death against the provider of health care based upon professional negligence.

NRS 41A.045 contains at least two meaningful points of ambiguity. First, the use of "each defendant" could be read to either limit several liability to actions with multiple defendants or permit several liability, even when there is only one defendant. Second, when NRS 41A.045 applies, "each defendant is liable ... severally only ... for that portion of the judgment which represents the percentage of negligence attributable to the defendant." It is unclear whether the percentage of

negligence attributable to the defendant for which she is liable is based only in relation to other defendants in the action, if there are any, or in relation to all persons at fault, including settled defendants. Based on these two points of ambiguity, it is necessary to consider legislative history, public policy, and reason in construing NRS 41A.045.

*Single or multiple defendants*

To determine the voter intent of a law that was enacted by a ballot initiative, this court has considered that ballot's explanation and argument sections.[1] *See Sustainable Growth Initiative Comm. v. Jumpers, LLC*, 122 Nev. 53, 63, 65-66, 128 P.3d 452, 460-61 (2006); *see also Guinn v. Legislature of State of Nev.*, 119 Nev. 460, 467, 76 P.3d 22, 26 (2003). The explanation section of the ballot questionnaire relevant to NRS 41A.045 states that "[c]urrent law provides that each one of multiple defendants in medical malpractice actions is severally, but not jointly liable for noneconomic damages," and that the proposed law would extend several liability to economic damages. Statewide Ballot Questions 2004, Question No. 3, Explanation. Thus, voters understood that the then current law, NRS 41A.041,[2] applied only to actions with multiple defendants, and that NRS 41A.045 did not propose to change this aspect of the law. Accordingly, this court can reasonably conclude that Nevada voters

---

[1]Examining the ballot materials to determine voter intent is appropriate because "[t]hose materials are the only information to which all voters unquestionably had equal access." Patrick C. McDonnell, *Nevada's Medical Malpractice Damages Cap: One for All Heirs or One for Each*, 13 Nev. L.J. 983, 1009 (2013).

[2]Repealed by Statewide Ballot Questions 2004, Question No. 3, effective November 23, 2004.

intended NRS 41A.045 to apply only to medical malpractice actions with multiple defendants. As evident in the next subsection, such an interpretation comports with canons of statutory construction, public policy, and reason.

*Several liability in relation to whom*

Requiring multiple defendants for NRS 41A.045 to apply allows the court to resolve the second ambiguity with a canon of statutory interpretation. Specifically, "[w]hen a legislature adopts language that has a particular meaning or history, rules of statutory construction . . . indicate that a court may presume that the legislature intended the language to have meaning consistent with previous interpretations of the language." *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 580-81, 97 P.3d 1132, 1135-36 (2004). To the extent that this court applies this canon to voters adopting language that has a particular meaning, NRS 41A.045 arguably imposes several liability only in relation to remaining defendants, and not settled defendants.

As to settled defendants, one must harmonize NRS 17.245 (effects of release or covenant not to sue) with NRS 41A.045. Allowing for several liability as between all tortfeasors, including settled defendants, would be discordant with NRS 17.245(1)(a), which requires a district court to reduce any judgment against tortfeasors by all amounts paid by settled defendants that were liable in tort for the same injury or wrongful death. Specifically, if a defendant could argue a theory of comparative negligence as to settled defendants, then she would only be liable for her proportional fault in relation to them. Because the judgment issued against this defendant would amount to her exact liability, she would then receive a windfall when NRS 17.245(1)(a) reduced that judgment by all settlement

amounts. Such an interpretation should be avoided because it would conflict with NRS 17.245(1)(a)'s function and lead to absurd results. *See Szydel v. Markman*, 121 Nev. 453, 457, 117 P.3d 200, 202-03 (2005) (explaining that when two statutes conflict, this court will attempt to read the conflicting provisions in harmony to the extent that it does not violate legislative intent); *Gallagher v. City of Las Vegas*, 114 Nev. 595, 599-600, 959 P.2d 519, 521 (1998) (stating that statutory interpretation should avoid absurd results).[3]

NRS 41A.041 and NRS 41A.045's legislative history also supports this interpretation. NRS 41A.041's legislative history warrants consideration because NRS 41A.045 was written in response to and borrowed language from NRS 41A.041. NRS 41A.041's legislative history indicates that the Legislature did not intend for the statute to displace NRS 17.245(1)(a)'s provision for offsetting a judgment against a defendant by any settlement amounts from joint tortfeasors. NRS 41A.041's legislative history also suggests that its purpose was to allow for the same several liability found in NRS 41.141(4) in all medical malpractice actions, regardless of whether comparative negligence was asserted as a defense.[4]

---

[3]When statutes are in conflict and cannot be read harmoniously, "the one more recent in time controls over the provisions of an earlier enactment." *Laird v. State of Nev. Pub. Emp. Ret. Bd.*, 98 Nev. 42, 45, 639 P.2d 1171, 1173 (1982). Thus, if the court determines that NRS 41A.045 was intended to allow for several liability as between all tortfeasors, including settled defendants, then NRS 17.245(1)(a) would likely not apply in situations when NRS 41A.045 applied.

[4]The Legislature and voters were silent as to whether a defendant could introduce evidence of the comparative negligence of a settled defendant and the settlement amount.

Given NRS 41A.045's narrow purpose of extending existing law[5] to include several liability for economic damages, any legislative intent behind NRS 41A.041 unrelated to that purpose arguably transfers into the new statute.[6]

Based on the foregoing, it should be construed that NRS 41A.045 prohibits a defendant from arguing the comparative negligence of settled defendants. That interpretation, would not preclude a defendant from arguing that a settled defendant was 100 percent at fault.[7] *Banks ex rel. Banks v. Sunrise Hosp.*, 120 Nev. 822, 844-45, 102 P.3d 52, 67 (2004).

---

[5]What existing law was at that time is unclear because this court never construed NRS 41A.041. However, relying on NRS 41A.041's legislative history, it seems likely that the Legislature did not intend to create a system allowing apportionment of fault to settled defendants because that would undermine NRS 17.245(1)(a). *See Nev. Attorney for Injured Workers v. Nev. Self-Insurers Ass'n*, 126 Nev. 74, 85, 225 P.3d 1265, 1271 (2010) (stating that this court presumes that, when enacting statutes, the Legislature has a "full knowledge of existing statutes relating to the same subject" (internal citations omitted)). Thus, it likely follows that the voters' intent in enacting NRS 41A.045 would be similar.

[6]Although "KODIN stops 'double-dipping' by informing juries if plaintiffs are receiving money from other sources for the same injury," this provision does not appear to include individual settlement amounts; it may include organizational and corporate settlements. *See* NRS 42.021.

[7]Although comporting with existing law, this seems counterintuitive. A defendant cannot assert comparative negligence against a settled defendant, but she can argue that a settled defendant is 100 percent negligent. Any unsuccessful effort made by a defendant to show that a settled defendant is 100 percent at fault is essentially an argument of comparative negligence. While this only becomes relevant if settled defendants' names are on the jury verdict forms and the jury is directed to apportion fault, it is likely that this leads to some jury speculation and affects judgments.

With this in mind, I submit that the district court did not abuse its discretion in its order granting the Hursts' motion in limine.

*NRS 17.245*

As to NRS 17.245 (effects of release or covenant not to sue), it states:

> 1. When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

> (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

> (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor.

> 2. As used in this section, "equitable indemnity" means a right of indemnity that is created by the court rather than expressly provided for in a written agreement.

In association with NRS 17.245(1)(a), this court has stated that "to prevent improper speculation by the jury, the parties may not inform the jury as to either the existence of a settlement or the sum paid." *Banks ex rel. Banks v. Sunrise Hosp.*, 120 Nev. at 843-44, 102 P.3d at 67 (citing *Moore v. Bannen*, 106 Nev. 679, 680-81, 799 P.2d 564, 565 (1990)).[8] NRS

---

[8]Note that while this rule was mentioned in the context of NRS 41.141, the court expressly stated that this rule was not based on that statute. *Moore*, 106 Nev. at 681 n.2, 799 P.2d at 566 n.2.

41A.045 does not allow for comparative fault theories as to settled defendants and has no effect on NRS 17.245, thus, the district court properly applied the law and did not abuse its discretion by forbidding any discussion as to a settlement occurring and the settlement amount.[9]

*Defendants' names on jury verdict forms*

Lastly, "[t]his court reviews a district court's decision to give a jury instruction for abuse of discretion." *See FGA, Inc. v. Giglio*, 128 Nev., Adv. Op. 26, 278 P.3d 490, 496 (2012).[10] Here, the district court did not abuse its discretion by refusing to place settled defendants' names on the jury verdict forms because that decision is consistent with the law that the jury may not be informed of settlement or the sum paid. *Moore*, 106 Nev. at 681-82, 799 P.2d. at 566.

---

[9]As stated above, if the settlement was with an organization or corporation, it is possible that NRS 42.021 might dictate a different outcome.

[10]Nevada has no law regarding the standard of review for jury verdict forms; however, the Fifth Circuit has stated that, like jury instructions, it reviews verdict forms for an abuse of discretion. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 506 (5th Cir. 2012).

Therefore, I would sustain the district court as to the non-inclusion of settled defendants.

_____, J.
Douglas

We concur:

_____, J.
Cherry

_____, J.
Gibbons